UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent, *v.* GRAHAM AND NORTON COMPANY, Appellant.

(Submitted May 7, 1930, decided May 15, 1930.)

*Fred H. Rees* for appellant. The plaintiff's only rights are under the provisions of section 130 of the Decedent Estate Law, and are not enlarged by section 29 of the Workmen's Compensation Law. (*Exchange M. I. Ins. Co.* v. *C. H. Gas & Elec. Co.,* 243 N. Y. 75; *Matter of Zirpola* v. *Casselman,* 237 N. Y. 367.) The plaintiff is not the proper party plaintiff and not entitled to prosecute this action. (*Matter of Zirpola* v. *Casselman,* 237 N. Y. 367; *Exchange Mutual Ins. Co.* v. *C. H. Gas & Elec. Co.,* 243 N. Y. 75; *Travelers Ins. Co.* v. *Brass Goods Co.,* 239 N. Y. 273; *Phœnix Ind. Co.* v. *Staten Island R. T. Ry. Co.,* 224 App. Div. 348; *Travelers Ins. Co.* v. *Padula,* 224 N. Y. 397.) In a subrogation case brought by an insurance carrier against an alleged third party wrongdoer for the wrongful death of a decedent, to whose dependents the insurance carrier has paid compensation, the carrier must prosecute the action through an administrator in all cases, except where the dependents to whom compensation was paid constituted all the next of kin of decedent. (*Davis* v. *N. Y. C. & H. R. R. R. Co.,* 233 N. Y. 242; *Matter of Zirpola* v. *Casselman,* 237 N. Y. 367; *Exchange Mutual Ins. Co.* v. *C. H. Gas & Elec. Co.,* 243 N. Y. 75; Decedent Estate Law, § 130; *Matter of Anderson Estate,* 84 App. Div. 550; *Mundt* v. *Glokner,* 24 App. Div. 110.)

*Harry W. Williams* for respondent. The plaintiff herein was entitled under the provision of the Workmen'ᵔ Compensation Law, section 29, to whatever cause of action the widow and five dependent children had upon the payment to them of the compensation duly awarded under the Workmen's Compensation Law. (*U. S. F. & G. Co.* v. *Graham & Norton Co.,* 228 App. Div. 45; *Matter of Zirpola* v. *Casselman,* 237 N. Y. 367; *Hanke* v. *New York Consolidated R. R. Co.,* 181 App. Div. 53; *Phœnix Ind. Co.* v. *Staten Island R. T. Ry. Co.,* 251 N. Y. 127.) The plaintiff is the proper party and is entitled to prosecute this action. (*Phœnix Ind. Co.* v. *Staten Island R. T. Ry. Co.,* 251 N. Y. 127; *Travelers Ins. Co.* v. *Brass Goods Mfg. Co.,* 239 N. Y. 273.) In a subrogation case brought by an insurance carrier against an alleged third party wrongdoer for the wrongful death of a decedent, to whose dependents the insurance carrier has paid compensation, the carrier must prosecute the action in its own name as the real party in interest. (Civ. Prac. Act, § 210; *Phœnix Ind. Co.* v. *Staten Island R. T. Ry. Co.,* 251 N. Y. 127; *Travelers Ins. Co.* v. *Padula Co.,* 224 N. Y. 397; *Travelers Ins. Co.* v. *Brass Goods Mfg. Co.,* 239 N. Y. 273.)

POUND, J. Edward Streeter died as the result of an accident arising out of and during the course of his employment, alleged to be due to the negligence of another not in the same employ. He left a widow and six children. Five of the children were included in the group of dependents under the age of eighteen years, who with the widow, came under the protection of the Workmen's Compensation Law (Cons. Laws, ch. 67). The sixth child, although belonging to the group of next of kin, did not come within the group of dependents protected by the Workmen's Compensation Law.

The widow and the five dependent children, as was their right, elected to take compensation rather than to pursue

the statutory remedy, through the appointment of an administrator, against the alleged wrongdoer for causing death by negligence or wrongful act. They received an award which has been paid. The result was an assignment to the insurance carrier of their beneficial interest in such cause of action. The insurance carrier thereupon brought this action in its own name and right against the alleged wrongdoer to recover the interest of the widow and dependent children only in such a recovery as an administrator might have secured had one been appointed and instituted suit.

This court held in *Matter of Zirpola* v. *Casselman, Inc.* (237 N. Y. 367, 375), overruling in this respect much that was said, if not actually decided, in *Travelers Ins. Co.* v. *Padula Co.* (224 N. Y. 397) as follows: " If dependents, electing to assign, are members of the class of next of kin * * * but not all the members of that class, their assignment will be effective to the extent of their beneficial interest and no farther, and the carrier, like any other beneficiary, must prosecute through the administrator as the statutory trustee, and may compromise or release its own interest, but no other."

The court below was of the opinion that the rule thus definitely stated had in effect been overruled by *Phœnix Ind. Co.* v. *Staten Island R. T. Ry. Co.* (251 N. Y. 127; affd., 281 U. S. 98).

The question in the *Staten Island* case considered in this connection was one of statutory construction. Workmen's Compensation Law, section 15, subdivisions 8 and 9, provided that the insurance carrier shall pay to the State Treasurer for every case of injury causing death *in which there are no persons entitled to compensation,* two sums of $500 each.

Section 29 of the law provides that in case of the payment of such an award to the State in accordance with such subdivisions, " such payment shall operate to give to the * * * insurance carrier liable for the award a cause

of action for the amount of such payment together with the reasonable funeral expenses and the expense of medical treatment *which shall be in addition to any cause of action by the legal representatives of the deceased.*" The insurance carrier had paid the amount into the State Treasury. The legal representatives of the deceased had settled the death action. It was contended that the insurance carrier had therefor lost its right of recovery. The language quoted from section 29 was ambiguous. The court quoted with approval the following language in the *Padula* case: " A civil liability and the right to recover damages for a wrongful act or neglect causing death are created solely by statute. At common law no civil action would lie for causing the death of a human being. Legislative enactment is the exclusive source and boundary of the liability and the remedy. It may create the cause of action, define the period of its existence, and the party by whom and the method in which it shall be enforced and prescribe the measure of damages and the beneficiaries."

The question arose whether the words " in addition to " added the insurance carrier to the group protected by the death statute or created an independent cause of action. The decision on this point was not intended to overrule the *Zirpola* case. The holding was that the cause of action conferred on the insurance carrier by section 29 after payment into the State Treasury, was no part of the cause of action vested in the personal representatives of the deceased to recover damages for death by negligence for the benefit of enumerated beneficiaries, but was an independent cause of action based on the payment of a penalty for the benefit of injured workmen generally, imposed by the Workmen's Compensation Law, which was unaffected by the settlement of the death action by the personal representatives of the deceased.

The effect of the decision below is quite different. It results in the splitting of a single cause of action; *i. e.*, the

cause of action vested in the personal representatives to recover for the benefit of the widow and next of kin the damages sustained by them. The rule against splitting causes of action is a salutary one. In the absence of some statutory mandate to the contrary, the alleged wrongdoer should not be put twice to his defense on the same cause of action. The authority of the *Zirpola* case was not impaired by the later decision in the *Staten Island* case. The action should have been brought through an administrator as the statutory trustee of the entire group of beneficiaries.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Judgments reversed, etc.