Eva L. Streeter, as Administratrix, etc., of Edward Streeter, Deceased, Plaintiff, *v.* Graham & Norton Company, Defendant.

Supreme Court, Albany County, March 15. 1932.

*Harry W. Williams,* for the plaintiff.

*Evans, Hunt & Rees* [*Fred H. Rees* of counsel], for the defendant.

Bliss, J.   Subsequent to the decision of the Court of Appeals in *United States Fidelity & Guaranty Co.* v. *Graham & Norton Co.* (254 N. Y. 50) plaintiff was appointed the legal representative of the estate of Edward Streeter, deceased, and this action was then commenced by her to recover damages from the defendant for having negligently caused decedent's death.   The summons was served more than two years after decedent's death and less than one year after the termination of the action of *United States Fidelity*

*& Guaranty Co.* v. *Graham & Norton Co.* Defendant pleaded the two-year limitation mentioned in section 130 of the Decedent Estate Law (as added by Laws of 1920, chap. 919) and upon the trial moved to dismiss the complaint at the close of the plaintiff's case and at the close of the entire case upon the ground that the action was not brought within this two-year period. Decision was reserved on each of these motions. The defendant offered no proof and the jury rendered a verdict in favor of the plaintiff for $40,000.

In such an action as this, where the dependents electing to assign are members of the class of next of kin, but not all the members of that class, their assignment will be effective to the extent of their beneficial interest and no further, and the carrier, like any other beneficiary, must prosecute through the legal representative as the statutory trustee. (*Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367.) Also such a cause of action is indivisible and the representative should prosecute as statutory trustee of the entire group of beneficiaries. (*United States Fidelity & Guaranty Co.* v. *Graham & Norton, supra.*) The action must be commenced within two years after the decedent's death. (Dec. Est. Law, § 130.)

The plaintiff contends that she is protected by section 23 of the Civil Practice Act which provides:

" § 23. Effect of reversal of judgment or termination of action. If an action is commenced within the time limit therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies and the cause of action survives, his representative, may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination. This section also applies to the workmen's compensation law."

The first action was commenced within two years of decedent's death and the judgment therein was reversed on appeal without awarding a new trial. Much discussion is had by the parties in their briefs as to whether that judgment of reversal is a final judgment on the merits. While section 482 of the Civil Practice Act would seem to leave but little doubt on this question, still its determination is not necessary to this decision. The prior action comes within the first class of cases mentioned in section 23, namely, where the judgment is reversed on appeal without awarding a new trial, so it is immaterial whether it comes within the second class or not.

The next question is whether the plaintiff here is within the purview of the statute. From the standpoint of justice a stronger case could hardly be made out than that of the insurance carrier here. Two juries have held that the death of Edward Streeter was caused by the wrongful acts of this defendant. The carrier was unusually diligent in attempting to enforce its rights. It made the honest mistake of commencing the prior action in its own name as party plaintiff instead of bringing it through the statutory trustee. That this error was not unjustified is evidenced by the fact that both the trial court and the intermediate appellate court held this procedure proper. It was the court of last resort which first held otherwise. The defendant now would take advantage of this warrantable error and thus escape answering for the wrong it committed. It was to meet such a situation as this that the statute of jeofails, of honest mistakes, was enacted. That statute must be liberally construed. As was stated by CARDOZO, J., of the predecessor of this statute in *Gaines* v. *City of New York* (215 N. Y. 533): "The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." The plaintiff here is but a formal party. (*Davis* v. *N. Y. C. & H. R. R. R. Co.*, 233 N. Y. 242.) She is a statutory trustee bringing the action for those beneficially interested therein. She has no personal pecuniary interest in its outcome. The insurance carrier is the one principally interested here and it was the plaintiff in the prior action. The plaintiff here is within the reason if not the letter of the statute and is entitled to the benefit thereof.

This leaves only the question of the one-ninth interest of the eldest child in this cause of action — the one beneficiary who has slept profoundly upon his rights. By no stretch of the imagination could he avail himself of the benefits of this statute. Therefore, as far as his interest is concerned the defendant should prevail.

As to the amount of the verdict, it is unquestionably excessive. Upon the prior trial the verdict, representing eight-ninths of the total pecuniary damage caused to the widow and beneficiaries by decedent's death, was $10,000. The present verdict should be reduced to $15,000, of which the plaintiff should properly be allowed to recover eight-ninths, amounting to $13,333.33, with interest thereon from the date of death, to be distributed to the carrier. The decision of the Court of Appeals in *Davis* v. *N. Y. C. & H. R. R. R. Co. (supra)* is a precedent for this disposition of the case. True

the decision there did not go beyond the facts of that case, but the special circumstances there warranted the method adopted. So too are the facts in the instant case strong enough to warrant a similar disposition here.

The defendant's motions made at the opening of the trial, the close of the plaintiff's case and the close of the entire case are denied. The defendant's motion to set aside the verdict and for a new trial is granted unless the plaintiff shall within fifteen days after service of this order and notice of entry file a written stipulation that the verdict be reduced to $15,000, and the plaintiff's recovery be reduced to $13,333.33, with interest from the date of death, the same to be for the benefit of the carrier only. In the event of the filing of such a stipulation by the plaintiff, the defendant's motion to set aside the verdict and for a new trial is denied.