MEMORANDUM SUSTAINING DEMURRER TO PLEA IN ABATEMENT
COX, J.
The following appears from the pleadings:
Robert R. Doleman was killed January 3, 1933, while working for the Potomac Electric Power Company in a manhole in a city street, by an automobile of Harry Levine. He left surviving his widow, Mary E. Doleman, and his father, Charles M. Doleman (see D. C. Code, Sections 374, 380).
The widow elected to receive from the employer compensation under Section 33 (a) of the Workmen’s Compensation *111 Law. The father, as administrator of his son’s estate, on November 1, 1933, brought suit, Law No. 83365, against Levine to recover damages for the death by wrongful act. Thereafter, on November 13, 1933, the employer, Potomac Electric Power Company, as assignee under Section 33 (b) of the Compensation Law, brought this suit against Levine to recover for the same cause of action, viz., the death of Doleman by wrongful act.
To each declaration the defendant Levine has filed a plea in abatement alleging that each suit should abate by reason of the pendency of the other. The plaintiff in each case demurred to the plea in abatement; the administrator by virtue of the wrongful death act, and the employer, as assignee, under Section 33 (b) of the Compensation Law, each respectively claiming the exclusive right to maintain the action. These demurrers have been heard together.
The administrator contends that acceptance by the widow of compensation operates as an assignment to the employer merely of her right, but does not affect the right of the father, who has not accepted compensation, to proceed as administrator against the wrongdoer. He relies upon Zirpola v. Gresham and Norton, 237 N. Y. 367, and U. S. F. & G. Co. v. Graham and Norton, 254 N. Y. 50, which hold that the New York Compensation Law does not create a new cause of action against wrongdoers other than the employer; that, while if dependents electing to assign are all the next of kin, the entire beneficial interest in the cause of action is assigned to the employer who is authorized to sue or compromise at will; yet, if the dependents so electing are not all the members of the beneficial class, their assignment will be effective only to the extent of their beneficial interest and no further, and the employer like any other beneficiary must prosecute through the administrator as the statutory trustee.
The employer, on the other hand, contends that the District of Columbia Compensation Law differs from the New *112 York law, and that the right of the employer under the District law to maintain the action against the wrongdoer, where a dependent has elected to receive compensation, has been conclusively determined by the decision of the Supreme Court in Aetna Life Insurance Co. v. Moses, 287 U. S. 530. The administrator urges that the Moses case is clearly distinguishable from the present case, and is to be limited to the exact situation before the Court, because of the observation therein that—
“as she (the dependent) is both the administratrix and the only person entitled to receive compensation, the election was validly exercised, and we need not resolve possible doubts as to the proper person to make the election under other circumstances” (pp. 538, 539).
The reasoning of the opinion, however (see especially pp. 530-541), expressly referring to the New York cases, supra, and construing the peculiar and ambiguous language of our statute, concludes:
“that where the employer is given anything to recover (by the language of Section 33 (b) and (d) it is the full recovery provided by the wrongful death act, (and) we do not think, as did the courts below, that the rights thus conferred may be enforced only by an action brought in the name of the personal representative.
“. . . the employer acquires the legal rights of the employee or the personal representative, subject to the qualifications imposed by the common law or the death statute to the extent that they are not inconsistent with the provisions of the Compensation Act. The Compensation Act permits him to enforce them in his own name” (pp. 540, 541).
In the present case the widow is not administratrix of the estate, but under the statute she is a dependent entitled to compensation, and, so far as the pleadings disclose, the sole dependent of the deceased, the father not being alleged to be *113 dependent on his son at the time of the death, under Section 9 (d).
Under Section 33 (b) the rights of the widow were assigned to the employer by her acceptance of compensation. By virtue of that assignment the employer is authorized under Section 33 (b) and (d) to institute proceedings for recovery of damages from the person who caused the death, and, after retaining certain amounts as specified under Section 33 (e) (1), is directed to pay over the excess of the recovery “to the person entitled to compensation or to the representative,” (Section 33 (e) (1) (C) and (2). Under the above quoted language from the Moses case, this recovery would seem to mean the “full recovery provided by the wrongful death act.”
In the light of the Supreme Court decision, it is, therefore, held that the employer and not the administrator is the proper plaintiff in the suit against Levine to recover damages for the wrongful death.
The plaintiff’s demurrer to the plea in abatement in this cause is accordingly sustained.