LLOYD CARTER, Appellant, *v.* BROOKLYN LADDER Co., INC., Respondent, Impleaded with Another.

First Department, October 30, 1942.

*Morris Zweibel, Robert X. Kuzmier* and *Louis Schwartz* for appellant.

*Charles F. Bachmann* and *John P. Smith* for respondent.

CALLAHAN, J. Section 29 of the Workmen's Compensation Law (Cons. Laws, ch. 67) provides that an action by an injured workman against a negligent third person, not in the same employ, for damages must be brought within "six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues."

In the recent case of *Calagna* v. *Sheppard-Pollak, Inc.* (264 App. Div. 589) we held that the third party action must be commenced within one year of the date of the accidental injury. We said, in effect, that when such an action was brought by the injured employee it was controlled by the limitation found in section 29, and not by the provisions of the Civil Practice Act. In the present case a limitation of six months from the date when compensation was awarded the employee is sought to be invoked. The accident in which plaintiff was injured occurred on November 3, 1939. Plaintiff received a payment of workmen's compensation under an award or decision of the State Industrial Board noticed on February 15, 1940. This award apparently was intended to make temporary provision for plaintiff, for the case was continued by the State Industrial Board. Thereafter, and on June 29, 1940, a further and final award was made to plaintiff.

The summons in the present action was served on October 21, 1940, which was more than six months from the date of the notice of the first award.

The only novel question presented by this appeal is whether the six-month limitation found in section twenty-nine runs from the date of the first award herein (February 15, 1940), or from the date of the final award (June 29, 1940).

A reading of other provisions of the Workmen's Compensation Law relating to the procedure before the State Industrial Board in connection with section 29, requires us to hold that the fixation of liability on the part of the employer by the State Industrial Board, and the granting of some compensation after such fixation, is an "awarding of compensation" within the meaning of the provisions of section 29 referring to the limitations of actions. The period of limitation, therefore, ran from February 15, 1940 in the present case. The summons having been served more than six months from said day, the motion to dismiss the complaint was properly granted.

Appellant argues with considerable force that an injured workman should not be compelled to decide whether to sue a third person before he ascertained the total amount of compensation that he was to receive from his employer. These arguments might well be presented to the Legislature for its consideration. As the section now reads, we are compelled to hold that the determination noticed on February 15, 1940, to pay plaintiff a designated amount of compensation was an "awarding of compensation" within the meaning of the statute. The section appears to have received a similar construction by the Appellate Division, Fourth Department, in the case of *Nelson* v. *Buffalo Niagara Electric Corp.* (264 App. Div. 941).

The orders and judgment should be affirmed, with costs.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Orders and judgment unanimously affirmed, with costs.