LEONARD HAZZARD, Plaintiff, *v.* FINCH PRUYN & COMPANY, Defendant.

AMERICAN LUMBERMEN'S MUTUAL CASUALTY Co. OF ILLINOIS, Plaintiff, *v.* FINCH PRUYN & COMPANY et al., Defendants.

Supreme Court, Washington County, March 18, 1943.

*James Gibson, Jr.,* for Finch Pruyn & Company, defendant.

*Gerald McPhillips* for American Lumbermen's Mutual Casualty Co. of Illinois, plaintiff.

*Theodore A. Knapp* for Leonard Hazzard, plaintiff.

IMRIE, J. Plaintiff in the first action seeks recovery for personal injuries sustained while a passenger on defendant's truck and while employed by one Lyttle. The plaintiff received a compensation award which was paid by the plaintiff in the second action as the compensation insurance carrier of the employer Lyttle.

Defendant in the first action moves for dismissal of the complaint therein and judgment in its favor on the ground that the action was not commenced within the time limited therefor by section 29 of the Workmen's Compensation Law.

Plaintiff in the second action brings action against the third-party tort-feasors by virtue of the statutory assignment contained in said section 29.

By cross motion plaintiff Hazzard moves to consolidate the above actions. Plaintiff casualty company joins in the motion to dismiss Hazzard's complaint and opposes the motion to consolidate.

It now seems well established that the period of limitation provided for bringing action against third-party tort-feasors in section 29 was not intended to create double liability on the part of such parties and that the third party may avail himself of such short Statute of Limitations. (*Calagna* v. *Sheppard-Pollak, Inc.,* 264 App. Div. 589.) This decision of the First Department distinguishes *McCue* v. *Shea Co., Inc.* (260 App.

Div. 946), which latter case was overruled in the Second Department by the decision in *Christison* v. *Wallace* (265 App. Div. 937). See also *Carter* v. *Brooklyn Ladder Co., Inc.* (265 App. Div. 39).

The fear on the part of the plaintiff Hazzard, that the insurance carrier may not be disposed to vigorously seek a recovery in its action beyond an amount necessary to recompense itself for the amounts paid by it, seems a matter for legislative consideration and cannot justify the maintenance of his action, in view of the precise language of the statute and the interpretation thereof by the courts.

The motion for dismissal of the complaint and judgment in the first action is granted, with ten dollars motion costs. Upon this determination, the motion for consolidation of the two actions must fall and is, therefore, denied, with ten dollars motion costs to the plaintiff in that action.