LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW
YORK et al., Plaintiffs, *v.* WILLIAM SPENCER & SON CORPORA-
TION et al., Defendants.

Supreme Court, Oswego County, April 23, 1943.

*Leonard H. Amdursky* for William Spencer & Son Corpora-
tion, defendant.

*Leyden E. Brown* for plaintiffs.

SEARL, J. Defendant corporation moves for an order dismissing the complaint of the plaintiff George Catalone on the pleadings.

There is no dispute as to the facts so far as this motion is concerned. Catalone, employed by one Edward J. Byrne, was injured on March 12, 1940, while unloading a Lehigh Valley Railroad freight car that had been loaded with bales of pulp by The William Spencer & Son Corporation.

The plaintiff Lumber Mutual Casualty Insurance Company of New York was the insurance carrier for Edward J. Byrne, the employer. Catalone applied for, and was paid compensation by an award of the Workmen's Compensation Commission. This action was commenced on or about December 7, 1942, and is in the nature of a third-party action.

An employee injured through the negligence of one not his employer prior to September 1, 1937, was compelled to elect whether to take compensation or to pursue his third-party remedy. Chapter 684 of the Laws of 1937 amended section 29 of the Workmen's Compensation Law. By the amendment, the injured employee may accept compensation and bring, as well, a third-party action, provided, however, that the action is " commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues ". In that event the carrier " shall have a lien on the proceeds of any recovery * * * to the extent of the total amount of compensation awarded ". (Subd. 1.)

Conversely, should more than six months elapse after the award was made or more than one year elapse after the action accrues before commencing the action, " such failure shall operate as an assignment of the cause of action against such other " to the " * * * insurance carrier liable for the payment of such compensation ", and if a sum in excess of the total amount of compensation awarded is recovered by the carrier " as such an assignee ", the latter " shall forthwith pay to such injured employee or his dependents, * * * two-thirds of such excess, and to the extent of two-thirds of any such excess such recovery shall be deemed for the benefit of such employee or his dependents." (Subd. 2.)

Defendant argues that prior to the expiration of the aforesaid periods the carrier has a lien only on the amount of the employee's recovery, the employee being the owner of the claim, and that upon the completion of the lapse of either period the employee becomes immediately divested of any

title to the claim, retaining, however, a beneficial interest if and when the carrier recovers a sum in excess of that paid to the employee.

Several authorities support defendant's contention. The Appellate Division in the First Department recently, in *Calagna* v. *Sheppard-Pollak, Inc.* (264 App. Div. 589), referred to " The lien now awarded to the carrier by section 29 on the proceeds of any recovery in an action brought by an injured workman, would seem to exist only when the workman sues within the periods specified in the section. This would be so, because after those periods the carrier or other person paying compensation is *made the owner of the claim, and not merely a lienor.*" (Italics supplied.)

In *Balsley* v. *Severance* (261 App. Div. 492) the Appellate Division in the Fourth Department refers to plaintiff's cause of action under section 29 becoming " vested " in the employer or insurance carrier.

Later, the same department, in *Gillette* v. *Allen* (264 App. Div. 599), construing the section, conversely confirms this holding by stating that an employee " is not divested of his cause of action by reason of such failure unless he has taken compensation for such injuries ".

True, in case the carrier recovers more than the total amount of compensation, plus medical and other necessary expenses incurred, the carrier must pay two thirds of the surplus to the employee. The same " shall be deemed for the benefit of such employee or his dependents." However, where the time limit elapses, as the statute says, it " shall operate as an assignment ". Such an assignment divests the employee as far as constituting him a proper party plaintiff and vests the sole right to institute a third-party action in the carrier.

An applicable example is found in the conclusion arrived at in *United States Fidelity & Guar. Co.* v. *Graham & Norton Co.* (254 N. Y. 50). There, one Streeter was killed in his employment, due to the negligence of another not in the same employ. His widow and five of his six children, who were entitled to the benefit of the provisions of the Compensation Law, elected to take compensation. They received an award. " The result was an assignment to the insurance carrier of their beneficial interest in such cause of action. The insurance carrier thereupon brought this action in its own name and right against the alleged wrongdoer to recover the interest of the widow and dependent children only in such a recovery as an administrator might have secured had one been appointed and instituted suit."

The court pointed out that as no right of action existed at common law to recover for the death of a human being, and as the right was created only by legislative enactment, the plaintiff could not bring the action, that it should have been brought through an administrator as the statutory trustee of the entire group of beneficiaries. One of the six children was over eighteen years of age. Thus, action brought by the administrator for the benefit of that child and the carrier, as subrogated beneficiary, would prevent the splitting of a single cause of action. As Judge POUND, in his opinion, expressed it, " In the absence of some statutory mandate to the contrary, the alleged wrongdoer should not be put twice to his defense on the same cause of action ".

Should the court hold in the instant application that both the carrier and the employee were proper parties plaintiff, it would permit a carrier to bring an action, and if unsuccessful, to subsequently permit the employee to institute one for the identical injuries. Such a conclusion would certainly be inconsistent and contrary to our rule against splitting a cause of action. (*United States Fidelity & Guar. Co.* v. *Graham & Norton Co.*, 254 N. Y. 50, *supra*.)

Some authorities would seem to support plaintiffs' contention, but distinguishing features appear. In *Roecklein* v. *American Sugar Refining Co.* (222 App. Div. 540) plaintiff sought to join as a coplaintiff the Travelers Insurance Company, the carrier. The court permitted such joinder. However, a question of fact was there raised by the pleadings as to whether the employee had been granted an award of compensation, in which case the carrier would be sole plaintiff because of subrogation.

Also, a recent case is *McCue* v. *Shea Co.* (175 Misc. 557, affd. without opinion 260 App. Div. 946). Plaintiff McCue was injured September 22, 1938, and on March 21, 1939, within the prescribed period of one year within which he might commence a third-party action, started suit against all defendants except the defendant Angelilli. By order of the court dated November 20, 1939, Angelilli was brought in as a party defendant, and on November 29th was served with a supplemental summons and complaint. The defendant Angelilli contended " that while the third-party action was timely brought against his codefendants * * * the failure to bring him into the action until more than one year after the accident ", was a complete defense, entitling him to judgment on the pleadings. However, the court stated:

"* * * plaintiff clearly manifested his intention of pursuing his common-law remedy, and complied strictly with the statute, when he commenced his action against the original defendants. Upon learning of the possible liability of the defendant Angelilli, the latter was impleaded by an order of this court, and properly so, for plaintiff has but a single claim for damages for the injuries which he sustained in the accident in question."

In the cited case the action had actually been commenced while plaintiff was the owner of the claim and before he had been "divested" of the same, and before it had been "assigned" to the carrier by virtue of the statute (§ 29, subd. 2). This reasoning is further confirmed by the language of section 29 as it existed before the amendment of 1937, for at that time if the employee accepted compensation the statute stated " the awarding of compensation shall operate as an assignment of the cause of action ". (*Matter of Parchefsky* v. *Kroll Bros.*, 267 N. Y. 410, 415, cited in *McCue* v. *Shea Co.*, *supra*.)

Plaintiff also cites *General Accident, Fire, & Life Assur. Corp.* v. *Zerbe Constr. Co.* (269 N. Y. 227, 231), to the effect that " Under the law of this State, a cause of action to recover damages for a personal injury cannot be transferred * * * and cannot be split up." However, this case spoke of the law as of 1935, and the legislative fiat by chapter 684 of the Laws of 1937 has not permitted, but has compelled the assignment in this instance.

Counsel for plaintiffs argues that the award of compensation does not provide for payment to the employee covering pain and suffering, and wages lost. Thereby counsel seems to infer that upon the trial of the action in the name of the carrier as plaintiff, the jury would not be permitted to award for these elements of damage.

For some years there apparently was a divided opinion as to whether an injury or death claim assigned to a carrier by operation of law permitted the latter to recover against a third party only the amount paid or to be paid as compensation, on the theory that subrogation referred only to amounts for which the carrier was liable, or whether the cause of action, with all elements for which assignor might recover, could properly be claimed by the assignee.

A comprehensive opinion by Mr. Justice EDWARD N. SMITH, as early as 1923, in *Royal Indemnity Co.* v. *White Engineering Corp.* (120 Misc. 332, 338), held that " the measure of damages

is the same as if he were the plaintiff unlimited and unaffected by the award of the compensation commission ".

Later, in 1925, Judge ANDREWS cited this last case when writing for the court in *Travelers Ins. Co.* v. *Brass Goods Mfg. Co.* (239 N. Y. 273, 275, 277), commenting: " How much the assignee might have paid for the transfer to him and whether the damages allowed are more or less than the sum so paid is entirely immaterial "; and again, at page 278, " 'It transfers to and vests in the assignee the cause of action ' ".

Counsel for plaintiffs in the instant case urges that he should be permitted on the trial to state to the jury that two thirds of any amount over and above the compensation and designated expenses paid will go to the injured man, Catalone. This court will leave that question to be determined by the trial court.

An order dismissing the complaint of George Catalone may be entered.