LAZLO V. KEVICZKY, Plaintiff, *v.* DRY DOCK SAVINGS INSTITUTION et al., Defendants.

Supreme Court, Special Term, New York County, June 17, 1943.

*Barry, Wainwright, Thacher & Symmers* for Dry Dock Savings Institution, defendant.

*Pfeiffer & Crames* for Isadore Lorber, defendant.

*Benjamin Shiverts* for plaintiff.

SCHMUCK, J. Defendant moves pursuant to subdivisions 5 and 6 of rule 107 of the Rules of Civil Practice, averring that there is in existence a final judgment rendered by a court of competent jurisdiction determining the identical cause here asserted, and on the further ground that same did not accrue within the time limited by law for the commencement of such action. The motion is granted.

The original action found its genesis in a claim for brokerage commissions resulting from the sale of real property in September, 1932, which commissions, plaintiff there alleged, were wrongfully withheld from him as a result of a conspiracy on the part of the defendants. The pleading contained no allegation with respect to malice, and the existence or non-existence of same was not there material to plaintiff's recovery, which was successfully accomplished. The judgment so recovered has proved invincible against the attack of defendants in both the Appellate Division and the Court of Appeals. (*Keviczky* v. *Lorber,* 263 App. Div. 983, affd. 290 N. Y. 297, reargument denied 290 N. Y. 855.)

In an attempt to overcome the general rule that a plaintiff ordinarily is not entitled to recover in a separate and subsequent action the costs and expenses incurred by him in a prior action, he predicates his present claim on a complaint identical with the original save for the addition of an allegation that the conspiracy was "maliciously" concocted by defendants with the result that he was compelled to retain counsel to his damage in the sum of $6,500 for which he seeks reimbursement and relies upon *Cooper* v. *Weissblatt* (154 Misc. 522). This authority is not in point and has no application to the present situation. Malice, not being an essential element to the recovery had in the original action, may not here be alleged in the same cause of action as a basis for the recovery of additional damages, and the judgment had in the prior action is here held *res judicata* of the claim now sought to be asserted. To hold otherwise would be to permit the splitting of a single cause of action and to invite violation of the rule that there can be but one recovery for a single wrong. (*Perry* v. *Dickerson,* 85 N. Y. 345; *U. S. Fidelity & Guaranty Co.* v. *Graham & Norton Co.,* 254 N. Y. 50.)

A further and more impelling reason for the extension of favor to defendant's application is the bar of the Statute of Limitations (Civ. Prac. Act, § 49, subd. 7), which is here held to be validly interposed.

Settle order.