SOLOMON MEYERS, Plaintiff, *v.* ROYCE HAULAGE CORP., Defendant.

Supreme Court, Special Term, New York County, October 6, 1947.

*Snitow & Snitow* for plaintiff.

*Richard W. Hannah* for Royce Haulage Corp., defendant.

*Bernard Katzen* for State Insurance Fund.

PECORA, J.   Motion is made to dismiss the complaint upon the ground that plaintiff's failure to commence the action within one year from the date the action accrued acts as a bar thereto. (Workmen's Compensation Law, § 29.)   The accident occurred on January 2, 1946.   Although plaintiff states he never applied for compensation and that no formal award was made, he admits that the State Insurance Fund sent him " a check each and every week " commencing shortly after the accident.   Under section 29 of the Workmen's Compensation Law, if an employee has taken compensation and intends to sue a third party, not his employer, he must commence such action not later than six months after the awarding of compensation and in any event before the expiration of one year from the date the action accrues.   After the expiration of such periods, by force of the provision of the statute, the cause of action is deemed assigned to the insurance carrier.   (*Calagna* v. *Sheppard-Pollak, Inc.,* 264 App. Div. 589; *Carter* v. *Brooklyn Ladder Co., Inc.,* 265 App. Div. 39; *Grossman* v. *Consolidated Edison Co.,* 294 N. Y. 39; *Taylor* v. *New York Central R. R. Co.,* 294 N. Y. 397.)   It appears here that at the time of such accident plaintiff's employer carried workmen's compensation with the State Insurance Fund.   Plaintiff has taken compensation from the State Insurance Fund.   He did not commence this action until May 7, 1947, or more than one year from the accrual of the action. Consequently the cause of action is deemed assigned to the insurance carrier.   The motion to dismiss is, therefore, granted. Settle order.