ALICE M. SKAKANDY, Individually and as Administratrix of the Estate of JOHN SKAKANDY, Deceased, et al., Appellants, *v.* STATE OF NEW YORK, Respondent.

Third Department, July 7, 1948.

*Robert X. Kuzmier* for appellants.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General,* and *Irving Galt, Assistant Attorney-General,* of counsel), for respondent.

DEYO, J.   John Skakandy suffered fatal injuries while employed demolishing a building.   He left surviving a widow and two minor children who are the claimants-appellants.   Following his death the claimants applied for and were awarded compensation which is being regularly paid.   Thereafter the widow was appointed guardian of the children and administratrix of the deceased, for the purpose of bringing an action against certain third parties allegedly responsible for the wrongful death.   No such action was commenced within six months after the award of compensation or within one year from the

date the cause of action accrued. Such failure operated as an assignment of the cause of action to the carrier, in this case, the State Insurance Fund (Workmen's Compensation Law, § 29). The Commissioners of the State Insurance Fund thereupon brought an action against the third party wrongdoers and secured a verdict, which they compromised for a lesser amount before judgment was entered thereon, without obtaining claimants' consent and without obtaining any directive from the Surrogate. The moving papers assign as the reason for the compromise the fact that a serious question of law was involved, and that there was a strong likelihood that an appeal might result in a reversal. The claimants contend that since they were entitled to two thirds of the excess over and above the compensation awarded, that the compromise of the verdict, under the circumstances, was improper and unlawful, and that they have been damaged thereby to the extent of their share of the difference. The Court of Claims has denied permission to file a claim on the grounds that the court was without jurisdiction, and that the proposed claim did not set forth a cause of action.

The question herein raised is not merely a dispute as to the amount of compensation payable, or to whom, the interpretation of a policy, or the liability of an employer under the Workmen's Compensation Law wherein the jurisdiction of the Workmen's Compensation Board would be complete and exclusive. The claim asserted is based on the alleged torts of the Commissioners of the State Insurance Fund in compromising the verdict. Such commissioners are officials and agents of the State (*Commissioners of State Insurance Fund* v. *Lapidus*, 182 Misc. 368), and as such may be sued only in the Court of Claims for their wrongful acts. (Court of Claims Act, § 9; *Sadigur* v. *State of New York*, 173 Misc. 645.) The Court of Claims, therefore, had jurisdiction.

Whether the claim asserted sets forth facts constituting a cause of action, is dependent upon the authority of the State Insurance Fund to compromise the verdict without obtaining the consent of the claimants and the permission of the Surrogate.

These claimants, constituting the widow and infant next of kin, had a statutory cause of action against the third party wrongdoers which could have been prosecuted in the name of the administratrix (Decedent Estate Law, § 130), and which would have remained under the control and jurisdiction of the Surrogate, whose permission would have been necessary for a compromise and who would have been charged with the responsi-

bility of directing the disposition of the proceeds. (Decedent Estate Law, art. 5; Surrogate's Court Act, §§ 40, 45, 122, 252). Although the widow was appointed administratrix for that purpose, no such action was brought. The claimants applied for and were awarded compensation, thus by their own acts, bringing themselves within the scope of the Workmen's Compensation Law. Having taken compensation and having failed to commence their third party action within the time limited therefor by subdivision 1 of section 29 of the Workmen's Compensation Law, their cause of action was assigned to the State for the benefit of the State Insurance Fund, pursuant to subdivision 2 of that section. The assignment resulting by operation of section 29 aforesaid, is an absolute one. (*Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273; *Travelers Ins. Co.* v. *Padula Co., Inc.*, 224 N. Y. 397.) Such assignment divests the next of kin, who are also dependents and who accept compensation of their rights and privileges under the Decedent Estate Law and vests in the carrier assignee the ownership of the claim. (*Carter* v. *Brooklyn Ladder Co., Inc.*, 265 App. Div. 39; *Calagna* v. *Sheppard-Pollak, Inc.*, 264 App. Div. 589, 593). It carries with it the right to conduct litigation (*Grossman* v. *Consolidated Edison Co.*, 294 N. Y. 39, 44), and to " sue or compromise at will ". (*Matter of Zirpola* v. *T. & E. Casselman, Inc.*, 237 N. Y. 367, 375.) The language of the statute is plain, contains no exceptions or limitations and is fully operative and binding even where the assignee has by previous agreement disabled itself from taking advantage of the cause of action. (*Taylor* v. *New York Central R. R. Co.*, 294 N. Y. 397.) The statutory assignment having become operative, the carrier was under no duty to prosecute against the third party, and had full authority to compromise and settle, even for a lesser amount than it had paid by way of compensation. (*Corsi* v. *Jenkins*, 66 N. Y. S. 2d 98.) The conclusion therefore seems inescapable that the statutory assignment carries with it, in the absence of fraud, the right to compromise or otherwise dispose of the claim at any stage of the proceedings, for such sum as the assignee may deem proper and sufficient. There is nothing in the section which imposes any limitation upon this right by reason of the fact that a verdict or even a judgment has been secured. We may not read into it any such limitation.

Such jurisdiction and control as the Surrogate may have had over the cause of action, if asserted by the administratrix, and his authority to direct and supervise the disposition of the proceeds therefrom, is beside the point, since the action with

which we are presently concerned was asserted, not by the administratrix for the benefit of the next of kin, but by the State Insurance Fund for reimbursement for compensation advanced and incidentally for the benefit of the dependents of the deceased to the extent that it might recover more than the amount of compensation awarded. The fact that the same individuals made up both groups in this particular case is merely coincidental. There is nothing in the statute to indicate that the Surrogate's jurisdiction is in any way extended to the insurance carrier in the action which it brought pursuant to the provisions of the Workmen's Compensation Law. True, the rights of infants are involved, but so are they involved in innumerable Workmen's Compensation cases. Had these rights been asserted timely by the administratrix, it would have been the duty of the Surrogate to see that they were protected. This was not done and the carrier thereby became the assignee of such rights, whose duties and prerogatives are defined not by the Decedent Estate Law or the Surrogate's Court Act, but by the Workmen's Compensation Law. The Surrogate's approval of the compromise was therefore unnecessary.

The Court of Claims correctly held that the proposed claim did not state a cause of action and hence, its order denying permission to file, should be affirmed, without costs.

BREWSTER, FOSTER and RUSSELL, JJ., concur; HILL, P. J., dissents.

Order of the Court of Claims, denying permission to file a claim, affirmed, without costs.