LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff, *v.* CANADIAN PACIFIC RAILROAD COMPANY et al., Defendants.

Supreme Court, Special Term, Kings County, December 2, 1949.

*Thomas F. Kane* for plaintiff.

*Shearman & Sterling & Wright* for Canadian Pacific Railroad Company, defendant.

*Richard R. Bongartz* for David E. Smucker and another, as trustees for the Long Island Railroad Company, defendants.

MURPHY, J. Motion is made by defendants in this action, which is brought by plaintiff as a third-party assignee pursuant to the provisions of section 29 of the Workmen's Compensation Law, to eliminate from the caption and other parts of the pleading certain portions thereof wherein reference is made to the original plaintiffs. The claim of the injured workman, original owner of the claim, the latter having taken compensation and having failed to commence action against the asserted wrongdoer within the period prescribed in the statute, must be deemed automatically assigned under the law to the one " liable for the payment of such compensation ". The fact that the original claimant may, in certain contingencies, have an interest in an excess recovery to the extent of two thirds does not alter the absolute quality of the assignment made as above. As pointed out in *Commissioners of State Ins. Fund* v. *Clark*

*Carting Co.* (274 App. Div. 559, 560-561): " By operation of the statute, the plaintiffs became the absolute assignees of the cause of action which originally belonged to the injured employee, the ownership of which he, by his failure to prosecute, relinquished. (*Skakandy* v. *State of New York*, 274 App. Div. 153 and authorities therein cited.) Ansley is not a party to the action. He has no control over it, need not consent to settlement, compromise or withdrawal of it and has no interest in the cause of action as such. In the event of a recovery in excess of compensation and expenses, he would merely have an interest in the proceeds " (see, also, *Skakandy* v. *State of New York*, 274 App. Div. 153, affd. without opinion, 298 N. Y. 886). Under our civil procedure, the action is to be maintained in the name of the real party in interest which in this case is the plaintiff insurance carrier (Civ. Prac. Act, § 210, see, also, *Cummings* v. *Morris*, 25 N. Y. 625; *Maynes* v. *Luciano*, 154 Misc. 519, 520). Motion granted. Settle order on notice.