**KOMLOS**

v.

**COMPAGNIE NATIONALE AIR FRANCE.**

No. 59, Docket 22751.

United States Court of Appeals,
Second Circuit.

Argued Nov. 13, 1953.

Decided Dec. 30, 1953.

Rehearing Denied Feb. 26, 1954.

Frederick W. Scholem, New York City (Theodore E. Wolcott, New York City, of counsel), for plaintiff-appellant.

Sutta & Frankel, New York City (Nathan Frankel, Frank Reiter, New York City, of counsel), for Royal Indemnity Co.

Foley & Statt, New York City (Frank J. Foley and Milton James, New York City, of counsel), for defendant-appellee.

Before SWAN, FRANK and MEDINA, Circuit Judges.

FRANK, Circuit Judge.

1. For the death of Emery Komlos there is a single indivisible cause of action with two items of damage. Since the accident resulting in Komlos" death occurred within a province of Portugal, the Portugal law (the *lex loci delicti*) applies. Under it, the dependent of the deceased is entitled, upon proof of defendant's negligence, to damages for wrongful death and indemnity ("moral damages") for the psychic suffering which the death caused to her.[1] Judge Leibell found,[2] and we think properly so, that, under the Portugal law as submitted to him and under the law of New York,[3] Bertha Komlos, the mother of the deceased, has the sole beneficial interest in any recovery for the wrongful death of Emery Komlos, since she was the deceased's sole dependent and his only next of kin as defined by the New York statute. As Administratrix of her brother's estate, Edith Komlos has standing, as a nominal plaintiff, to sue for her mother.[4] The right of the administratrix to bring the action is recognized by the law of Portugal.[5]

Defendant argues that Royal Indemnity Company, the insurance carrier, is the statutory assignee of the cause of action for the wrongful death of Komlos, because the deceased's sole dependent, his mother, elected to receive compensation and failed to sue the third-party tort-feasor (Air France) within six months after the compensation award. On the face of it, were the action here a—

1. A federal court, sitting in New York State, must apply the conflict-of-laws doctrine prevailing in New York State courts. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477. According to New York law, the creation and extent of tort liability is governed by the law of the place where the alleged tort was committed. Loucks v. Standard Oil Co., 224 N. Y. 99, 120 N.E. 198. The measure of damages is likewise determined by the *lex loci delicti.* Hasbrouck v. New York Cent. & H. R. R. Co., 202 N.Y. 363, 95 N.E. 808, 35 L.R.A.,N.S., 537.

2. 111 F.Supp. 393, at page 407.

3. Decedent Estate Law, McK.Consol. Laws, c. 13, § 133.

4. "Unless the statute [of the lex loci delicti] limits suit to named beneficiaries, or a particular administrator or personal representative, an administrator appointed at the forum may institute the action. Goodrich, Conflict of Laws, § 104, p. 301. Leonard v. Columbia Steam Nav. Co., 84 N.Y. 48.

5. 111 F.Supp. 393, at page 403.

simple action for wrongful death claiming damages for negligence alone, this contention would seem to be correct. Section 29(2) of the New York Workmen's Compensation Law provides for an automatic statutory assignment of all claims belonging to the injured employee or, in case of his death, to his surviving dependents if they elect to take compensation and fails to commence suit against the third-party tortfeasor within six months after the compensation award.

 However, this is not such a case of a simple claim for damages for negligence. While that part of the cause of action demanding indemnity for defendant's negligence in causing a wrongful death is assigned by § 29(2), we think the demand for "moral damages" is not and was never meant to be. True, it has been held that a claim for the pain and suffering of the injured person is part of the claim which passes under § 29(2).[6] We have no doubt, therefore, that were "moral damages" not unknown to New York law, they would similarly pass. But, since a claim for moral damages is not recoverable in New York or elsewhere in this country, we think it was not in the contemplation of the legislature and therefore does not pass under § 29(2). Consequently, to allow the insurance carrier, Royal Indemnity, to sue on its assigned claim, would be to permit a splitting of the cause of action for Komlos' death. We think it clear that the policy of § 29(2) is to prevent such splitting,[7] and that, accordingly, to allow Royal to sue for the one assignable

item of damage would be in violation of that policy.

The question therefore becomes one of who shall retain the right to sue on the entire cause of action, the estate for the benefit of Mrs. Komlos or the carrier. We think the cogent reasoning in Doleman v. Levine, 295 U.S. 221, 55 S.Ct. 741, 79 L.Ed. 1402, should control here. In that case, some dependents of the deceased, elected to receive compensation under the federal Longshoremen's and Harbor Workers' Act, while other dependents elected to sue the third-party tortfeasor.[8] The Court held that the insurance carrier (in that case, the employer) received only a partial assignment, that is, was subrogated to the rights of only those dependents who elected to receive compensation; having only a partial assignment, the carrier could not cause a splitting of the cause of action, for the employee's death, by bringing its own suit on its assignment. The New York Court of Appeals reached a similar conclusion as to the New York Workmen's Compensation statute, in United States Fidelity & Guaranty Co. v. Graham & Norton Co., 254 N.Y. 50, 171 N.E. 903. Both the United States Supreme Court and the New York Court of Appeals remitted the carrier, the holder of a partial assignment, to the remedy of compelling the compensated dependents to sue the tortfeasor, and thus to reimburse itself out of the proceeds of their action. We think the salutary doctrine against splitting causes of action[9] should be applied here. If

---

**6.** Lumber Mut. Cas. Ins. Co. v. William Spencer & Son Corp., 181 Misc. 416, 41 N.Y.S.2d 319.

**7.** The New York courts have often stated that the function of § 29(2) is to prevent the splitting of causes of action. See, e. g., Skakandy v. State, 1948, 188 Misc. 214, 66 N.Y.S.2d 99, affirmed 274 App.Div. 153, 80 N.Y.S.2d 849.

**8.** The Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq. compels an election between compensation and the right to bring suit against the third-party tortfeasor. Unlike the pres-

ent New York Compensation Statute § 29(2), the Longshoremen's and Harbor Workers' Act specifies that dependents cannot both receive compensation and bring suit. Nevertheless, for the purposes of the present case, the Doleman case is closely in point, since, in both cases, the election to receive compensation could, at best, result in but a partial assignment to the compensation carrier.

**9.** Indemnity Ins. Co. of North America v. Pan-American Airways, D.C., 57 F. Supp. 980.

Royal Indemnity Company could sue on its assignment, not only would there re- sult such a splitting but also the "moral damages" item would evaporate. To avoid violation of the policy of the stat- ute, we hold that the entire cause of ac- tion remains in the hands of Komlos' estate for the benefit of the mother.

2. The district court remanded to the state court the $1,500 claim for loss of baggage and personal belongings, because, having dismissed the wrongful- death action, the court could not retain the remaining claim, the requisite juris- dictional amount being absent. Since this appeal has resulted in the reinstate- ment of the Komlos wrongful-death ac- tion, there is a jurisdictional basis for the retention of the baggage claim and that claim should remain in the federal court and be tried with the wrongful- death action.[10]

Reversed.

### On Petition for Rehearing

PER CURIAM.

The petition for rehearing is denied. In our original opinion we stated that the mother of the deceased is entitled to moral damages under Portuguese law. We made that statement on the basis of substantial data presented to us by the parties. However, we did not intend finally to decide that issue. According- ly, further pertinent data may be pre- sented at the trial in order that the trial court may be fully informed before ar- riving at a determination thereon.