Charles A. **BACHMANN** et al., Plaintiffs,

v.

**BLAW-KNOX COMPANY**, Defendant.

Civ. A. No. 16800.

United States District Court
W. D. Pennsylvania.

Oct. 5, 1961.

Sachs, Pervin & Kaufman, Pittsburgh, Pa., for plaintiffs.

Thorp, Reed & Armstrong and T. Herbert Hamilton, Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

In the complaint filed in this civil action, 25 plaintiffs being citizens of states other than Pennsylvania, sued Blaw-Knox Company, defendant, a Delaware Corporation, with its principal place of business in Pittsburgh, Pa., invoking the diversity jurisdiction of the court. No jurisdictional issue is raised. Each of the plaintiffs' individual state citizenship will be hereafter mentioned. Six plaintiffs have had their complaints dismissed for reasons not here pertinent, leaving 19 individuals as parties plaintiff.

Defendant filed a motion for summary judgment alleging that there is no genuine issue as to any material fact which bars summary judgment and therefore, for several reasons, says defendant, plaintiffs do not state in their complaint any cause upon which relief can be granted by this court.

Each plaintiff contends that he was hired by defendant, Blaw-Knox Company, to work in Venezuela for a period of not less than two years, and that prior to the expiration of the two year period defendant wrongfully terminated his employment in breach of the argeement. It is conceded that there were no written contracts of employment between plaintiffs and defendant as that term is generally understood. Plaintiffs, in fact, in their complaint did not make any allegation tending to show that they were hired under any written memorandum. However, when confronted with defendant's defense in this motion that the employment contracts were oral and therefore contrary to the statute of frauds of each of the respective states where plaintiffs were hired, then plaintiffs sought to show that an advertisement appearing in the New York Times of October 30, 1955, was such a memorandum as would take the employment out of the statute of frauds principle.

Defendant asserts three areas in all or any one of which, says defendant, bars each and every one of the plaintiffs' claims:

1. It asserts that the statute of frauds is a defense which bars each of 17 plaintiffs.

2. It says that each of the plaintiffs' claims are governed by the law of Venezuela because each cause of action arose in Venezuela and that each cause of action is fully barred by the Venezuelan statute of limitations, and

3. Defendant asserts that it has a good and valid release executed by each one of the plaintiffs while still in Venezuela.

Without deciding the last defense raised, this court is of the opinion that the defense of the statute of frauds is applicable to each of 17 plaintiffs, that is, Charles A. Bachmann, William A. Clark, Wade P. Crawford, Owen F. Darcy, Arthur Faltz, Joseph J. Gallagher, Walter D. Gross, Bernard Kaplan, William G. Knight, a/k/a William Kowalczyk, Earl E. Mason, James Edwin Mathews, James P. Mikedes, Glenn E. Owens, Jr., Richard John Preston, John F. Schnacky, Eli L. Schwartz and Julian S. Webb; and the motion for summary judgment will be granted as to them.

This court is likewise of the opinion that the Venezuelan statute of limitations is a defense applicable to all the remaining 19 plaintiffs, that is the 17 heretofore named and John W. Erickson and John K. Prout; and the motion for summary judgment will be granted also on this basis.

*I—Defense of Statute of Frauds*

At the hearing on the motion for summary judgment, the following colloquy took place between the court and plaintiffs' counsel, Mr. Schwartz, as shown on pages 46 and 47 of the transcript:

" * * * The Court: What is your contract; what do you say your contract was, where it was executed?

"Mr. Schwartz: We never claimed there was a written contract, but we don't say, we don't admit that there must be a written contract to take this case out of the statute of frauds. Defendant's Exhibit 2 cites the law of the eight states, the other states in addition to Pennsylvania in which these contracts were entered into. California, which is the first one in its exhibit—

"The Court: You agree that one of them was entered into in California?

"Mr. Schwartz: Oh, sure.

"The Court: You agree to that?

"Mr. Schwartz: We admitted that in our answer, and amended answers to interrogatories posed by the defendant.

"The Court: In eight states, you agree that's where the contract was entered into?

"Mr. Schwartz: Yes, your Honor, we have no evidence to the contrary. California Code Section 1973, 'In the following cases the agreement is invalid, unless the same or some note or memorandum thereof be in writing * * *' and this same thing is found in all of the statutes.

"Idaho, 'some note or memorandum'.

"Illinois, 'some memorandum or note thereof.'

"New Jersey, 'some memorandum or note thereof.'

It is the same, in all precisely the same way. * * *"

It is conceded by each of 17 of the plaintiffs that their contracts of employment were accepted by them in states other than Pennsylvania and that the law of these states governs these contracts and the applicability of the statutes of frauds.

Plaintiffs, Mason as a citizen of California, Preston as a citizen of Idaho and Owens of Oklahoma agree that their contracts were accepted in their respective states and that the statutes of frauds in these three states declare an oral agreement of employment for more than one year without a signed memorandum to be

invalid. Plaintiffs, Darcy, Faltz, Gallagher, Kaplan, Knight, Mikedes, Schnacky and Schwartz, all as citizens of New York, and Clark and Crawford, as citizens of Washington, agree that their contracts were accepted in their respective states, and that the statutes of frauds of these two states declare such oral contracts void without some signed and written memorandum. The plaintiffs, Webb as a citizen of New Jersey, Gross and Mathews as citizens of Ohio and Bachmann as a citizen of Illinois, agree that their contracts were accepted in their respective states and that the statutes of frauds of these three states provide that no action shall be brought upon any such oral contract unless there is a written memorandum thereof.

A. New York Times Advertisement of October 30, 1955.

█ The plaintiffs contend this is the "note or memorandum" and would have this court so find, that takes their cases out of the statute of frauds principle. In so doing their counsel refers to the Restatement of Contracts, Section 207 which provides:

"A memorandum, in order to make enforceable a contract within the statute, may be any document or writing, formal or informal, signed by the party to be charged or by his agent actually or apparently authorized thereunto, which states with reasonable certainty,

"(a) each party to the contract either by his own name, or by such a description as will serve to identify him, or by the name or description of his agent, and

"(b) the land, goods or other subject-matter to which the contract relates, and

"(c) the terms and conditions of all the promises constituting the contract and by whom and to whom the promises are made. * * * "

The comment accompanying this section draws the important distinction between the memorandum of the contract and the written contract:

"A written memorandum of a contract is not identical with a written contract. A written contract will indeed serve as a memorandum, but a memorandum includes also any writing which states the terms agreed upon, though not intended or adopted by the parties as a final complete statement of their agreement. * * * "

Illustration No. 2 following this comment is particularly germane:

"B publishes in a newspaper an offer to buy certain goods, stating the terms of his proposal, and his name is printed under the advertisement. A accepts the offer. The advertisement is a sufficient memorandum to charge B. * * * "

Defendant's counsel has carefully analyzed the substance of this advertisement and the court must agree with this analysis. It is pointed out that the ad is not signed by either of the parties to the contracts. It does not disclose the defendant as the employer nor does it mention any plaintiff by name. It does not correctly state the salaries which plaintiffs contend were agreed upon and in many instances makes no provision for salaries, simply leaving such an essential term open or limiting the amount to a maximum but no minimum. In some instances the positions claimed by the plaintiffs in their contracts are not even referred to. No definite figure is named in providing for any of the allowances claimed by plaintiffs to be called for in their contracts. Certainly this advertisement does not contain "the terms and conditions of *all* the promises constituting *the contract* and *by whom* and *to whom* the promises are made", as required by Subsection (c) of Section 207 of the Restatement, the authority as set forth by plaintiffs.

The advertisement says at the end, "Client will interview in our office Monday and Tuesday, October 31 and November 1", and gives only the name of the employment agency in New York City. It concludes with "Please phone for appointment", so as to indicate this to be

nothing more than an invitation to negotiate.

It is especially noteworthy that at least 7 of the 17 plaintiffs entered into negotiations over the contracts claimed by them prior to October 30, 1955 or with another employment agency in a different city than New York. For instance, as admitted in their answers and amended answers to interrogatories, plaintiff Owens first entered into negotiations in Tulsa, Oklahoma on July 15, 1955; plaintiff Gallagher first entered into negotiations on October 23, 1955 and accepted a contract on October 31, 1955; plaintiff Gross first negotiated on September 26, 1955 and actually arrived in Venezuela on October 15, 1955; plaintiff Schnacky was first contacted by defendant's agents in July, 1955 and again by letter of October 28, 1955; plaintiff Mason received a first letter on August 24, 1955; plaintiff Preston was first interviewed in August, 1955 and plaintiff Bachmann met in a Chicago, Illinois employment agency on October 31, 1955 to arrange an interview. Certainly on this basis the October 30, 1955 advertisement cannot be considered a note or memorandum of the contracts entered into by these 7 plaintiffs.

The court concludes that this advertisement simply cannot meet the terms of of any memorandum required by the statutes of frauds of the 8 states in question.

## II—Defense of Statute of Limitations

■ Defendant claims that the actions of all 19 plaintiffs are barred by the Venezuelan statute of limitations of 6 months on the basis that the cause of action arose in Venezuela. If the cause of action arose in Venezuela there is no question that this court must look to the law of that country. Pennsylvania's "Borrowing Statute" Act of June 26, 1895, P.L. 375, Sec. 1, 12 P.S. § 39, provides:

"When a cause of action has been fully barred by the laws of the state *or country* in which it arose, such bar shall be a complete defense to an action thereon brought in any of the courts of this commonwealth."
(Emphasis supplied.)

Thus, in Wholesale Supply Co. v. South Chester Tube Co., D.C.E.D.Pa.1957, 20 F.R.D. 310, 314, the court stated:

"Pennsylvania has a six-year statute of limitations for actions brought for breach of contract not under seal. Act of March 27, 1713, 1 Sm.L. 76, § 1, 12 P.S. § 31. It also has a so-called 'borrowing statute' which provides: 'When a cause of action has been fully barred by the laws of the state * * * in which it arose, such bar shall be a complete defense to an action thereon brought in any of the courts of this commonwealth.' Act of June 26, 1895, P.L. 375, § 1, 12 P.S. § 39. From the amended complaint we learn that the steel pipe was to be shipped to Jackson, Mississippi. *Since Pennsylvania recognizes the law of the state where the contract was to be performed as governing the right to bring an action for its breach, we must look to the law of Mississippi.*"
(Emphasis supplied.)

■ To be thus barred, it must appear that the cause of action arose in Venezuela and that it is fully barred by the laws of that country. In this respect plaintiffs' counsel argues that performance of the contracts by the defendant was not altogether to be done in Venezuela but also in the United States in the form of paying the plaintiffs their base salary. He seems to recognize that the plaintiffs' promises were to work in Venezuela and at the same time to ignore the defendant's promises to employ in Venezuela. Even in their complaint plaintiffs alleged that the defendant "agreed to employ" plaintiffs for a stated compensation for a period of not less than 2 years. It is not contested that the place of employment was to be in Venezuela and that all plaintiffs actually worked in Venezuela and nowhere else under the contracts. Neither is it contested that plaintiffs were terminated from their employment in Venezuela. This court must

conclude that the basic contracts were employment by the defendant and agreement by the plaintiffs to be employed in Venezuela. Accordingly, the place of performance was in that country and the cause of action arose therein.

Counsel for defendant has submitted an affidavit consisting of 18 pages as sworn to by a lawyer, resident in Caracas, Venezuela. This affidavit sets forth the Venezuelan law that defendant says applies herein. Plaintiffs' attorney has offered nothing other than his brief in reply.

Before noting the substance of the affidavit the court recognizes that these same plaintiffs, in December of 1956, filed actions in the Courts of the Commonwealth of Massachusetts on the same contracts set forth in the within action. These actions were filed within 6 months of the terminations of the plaintiffs' employments which occurred in August of 1956. In February of 1958 all plaintiffs were nonsuited in their Massachusetts actions for failure to answer defendant's interrogatories. Subsequently, on March 18, 1958, the instant complaint was filed.

■ The affidavit as submitted by defendant takes into consideration the Massachusetts actions and the fact that demands may have been made upon defendant by plaintiffs between the dates of the termination of the employment in August of 1956 and the institution of the Massachusetts actions in December of 1956. In substance the affidavit makes the following points:

1. Under Venezuelan Labor Law a period of limitations of 6 months is placed on actions based on employment contracts to be performed in Venezuela regardless of the place where such contracts were entered into.

2. Under Venezuelan law the 6 month period may be interrupted by a law suit or by a formal demand on defendant and by other means not applicable to the present case.

3. Under Venezuelan law, the plaintiffs had permitted their Massachusetts actions to lapse (i. e. rejected their own complaints) by their failure to take steps from being nonsuited. Because plaintiffs were nonsuited for failure to take procedural steps and because the final judgment of the nonsuit vitiates both the service of process and the complaint in the Massachusetts actions, those actions would not operate to interrupt the 6 month statute of limitations.

4. Under Venezuelan law the statute of limitations would commence to run at the August, 1956 termination of the contracts or the date would not be after December, 1956, the date the Massachusetts actions were commenced.

5. Under Venezuelan law, this action, commenced March 18, 1958, would be barred by the statute of limitations.

Plaintiffs' counsel offers no counter affidavit as to what the Venezuelan law is, although he has had ample opportunity to do so. He offers only the contention previously discussed, that the contracts were not to be performed in Venezuela and the further contention that even if performance were there, the Venezuelan statute of limitations is so repugnant to this jurisdiction, that is, the Venezuelan 6 month statute of limitations, is so different from the Pennsylvania 6 year statute of limitations, that it should not be applied here. His case law cited as authority is inapposite here.

As the court said in Komlos v. Compagnie Nationale Air France, D.C.S.D. N.Y.1952, 111 F.Supp. 393, at page 406, reversed on other grounds 2 Cir., 1953, 209 F.2d 436:

"Under the circumstances I feel justified in disposing of that question on the affidavits of defendant's experts and on the reply affidavit of plaintiff's attorney in the Komlos action. The summary of what the defendant's experts state the Portugese law to be has been hereinabove set forth. * * * "

This court likewise feels justified in disposing of the law of Venezuela on the basis of the Venezuelan lawyer's affidavit submitted by defendant, and especially so since plaintiffs' counsel argues only the

place of performance and repugnancy of that law. Under the Venezuelan law each of the 19 plaintiffs are barred by the 6 month statute of limitations. For the foregoing reasons defendant's motion for summary judgment is granted and it will be so ordered.