DOLEMAN, ADMINISTRATOR, *v.* LEVINE.

No. 574.   Argued April 4, 1935.—Decided April 29, 1935.

*Mr. Nathan A. Dobbins,* with whom *Mr. James C. Waters, Jr.,* was on the brief, for petitioner.

*Mr. Wilson L. Townsend,* with whom *Messrs. Edward S. Brashears* and *Albert F. Beasley* were on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

In this case certiorari was granted to resolve doubts as to the construction of § 33 of the District of Columbia Compensation Act (Longshoremen's & Harbor Workers Compensation Act, c. 509, 44 Stat. 1424, 33 U. S. C., §§ 901 *et seq.,* made applicable to the District of Columbia by Act of May 17, 1928, c. 612, 45 Stat. 600).

Doleman, petitioner's intestate, in the course of his employment within the District, was struck by the automobile of respondent and received injuries which caused his death. He left surviving him his widow, and, as his heirs at law and next of kin, a brother and a dependent father, who is his administrator. The widow elected to receive compensation from the employer under the provisions of the Compensation Act. The father elected not to receive compensation and brought the present suit as administrator to recover for the death under the provisions of the Wrongful Death Act of the District. Code of Law for the District of Columbia, Title 21, §§ 1–3. A like suit, brought by the employer against the respondent, is also pending. The Supreme Court of the District gave judgment for the defendant, sustaining a plea in abatement which set up the pendency of the suit brought by the employer and that the right to recover for the wrongful death had been assigned to the employer by operation of the provisions of the Compensation Act. The Court of Appeals affirmed, 64 App. D. C. 25; 73 F. (2d) 842, relying in part on its construction of the relevant provisions of § 33 of the Compensation Act and in part on our decision in *Aetna Life Insurance Co.* v. *Moses,* 287 U. S. 530.

The Compensation Act establishes a scheme for compensation of an injured employee by the employer, and for the payment of benefits to a specified class of his dependents when the injury causes death. Where some person

other than the employer is liable for damages for the injury, compensation is governed by § 33.[1]  Section 33 (a)

[1] "Sec. 33. (a) If on account of a disability or death for which compensation is payable under this Act the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person, whether or not the person entitled to compensation has notified the deputy commissioner of his election.

"(c) The payment of such compensation into the fund established in section 44 shall operate as an assignment to the employer of all right of the legal representative of the deceased (hereinafter referred to as ' representative ') to recover damages against such third person, whether or not the representative has notified the deputy commissioner of his election.

"(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding.

"(e) Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows:

(1) The employer shall retain an amount equal to—

(A) The expenses incurred by him in respect of such proceedings or compromise (including a reasonable attorney's fee as determined by the deputy commissioner).

(B) The cost of all benefits actually furnished by him to the employee under section 7.

(C) All amounts paid as compensation, and the present value of all amounts payable as compensation, such present value to be computed in accordance with a schedule prepared by the commission, and the amounts so computed to be retained by the employer as a trust fund to pay such compensation as it becomes due and to pay any sum, in excess of such compensation, to the person entitled to compensation or to the representative; and

(2) The employer shall pay any excess to the person entitled to compensation or to the representative. . . ."

authorizes "the person entitled to such compensation " to elect to receive compensation · or to recover damages " against such third person," and § 33 (b) provides that acceptance of such compensation " shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."

In *Aetna Life Insurance Co.* v. *Moses, supra,* the widow of an employee who was killed in the course of his employment, and who was also his administratrix and the sole beneficiary under both the Compensation and the Wrongful Death Acts, elected to receive compensation. It was conceded that the widow, before her election, was alone entitled to the benefit of the Wrongful Death Act, and the question was who, in consequence of her election, was the proper plaintiff to bring the action. This Court held, construing § 33 (a) and (b), that the Compensation Act, called into action by her election, operated to transfer to the employer all her right of recovery under the Wrongful Death Act. Since the transfer of her entire interest was effected by § 33 (b), which in terms declared that acceptance of compensation by the dependent "shall operate as an assignment," we thought that a complete and unqualified transfer was intended, which would authorize the employer to maintain the suit in his own name, without necessity of suing in the name of the administratrix as in the case of an assignment of a chose in action at common law.

Similarly, § 33 (c) provides in terms for the transfer to the employer of "all right of the legal representative" of the deceased employee to recover for the wrongful death, where the deputy commissioner for the compensation district determines that there is no person under the Compensation Act entitled to compensation, and the employer makes the payment of $1,000 into the special compensation fund as prescribed by § 44.

A different question is presented where the dependent who has elected to receive compensation is entitled to only a partial interest in the amount to be recovered for the death. Such is the case here. For the widow alone has elected to take compensation, and under the Wrongful Death Act, § 3, the proceeds of the recovery are required to be distributed among the next of kin, which includes both the widow and the father, where the decedent leaves no surviving child. Title 29, D. C. Code, §§ 284, 285, 288.

The right of the employer to reimbursement from the recovery is derived from his subrogation, under § 33 (b) of the Compensation Act, to the rights of the dependent widow to whom he is bound to pay compensation. Apart from statute, the indemnitor's right by subrogation to stand in the place of his indemnitee, who is entitled to a part only of the proceeds of a single cause of action, does not carry with it any authority to maintain the action in his own name. See *Mandeville* v. *Welch,* 5 Wheat. 277, 286; *Shankland* v. *Washington,* 5 Pet. 390; *Vinal* v. *West Virginia Oil & Oil Land Co.,* 110 U. S. 215. He is in the position of a partial assignee of the chose in action, and as such is entitled to his share of the proceeds of the action when recovered and may secure their recovery by resort to equity, in a suit joining proper parties, to compel action by the legal owner and appropriate distribution of the proceeds. See *Peugh* v. *Porter,* 112 U. S. 737, 742; *Fourth Street Bank* v. *Yardley,* 165 U. S. 634, 644; *Aetna Life Insurance Co.* v. *Moses, supra,* 542, n. 3.

Section 33 (b) purports only to assign to the employer " all right of the person entitled to compensation to recover damages against such third person." It operates to transfer to the employer only such rights as the dependent has. We do not doubt that this section, interpreted in the light of the indemnitor's common law right of subrogation, confirms that right and is sufficient to give

the employer as indemnity all the rights which the dependents electing to receive compensation otherwise would have to share in the benefits of the Wrongful Death Act. If they are entitled to the whole recovery, the employer may maintain the suit as in *Aetna Life Insurance Co.* v. *Moses, supra.* If their interest is less than the whole, the employer is entitled to receive their share in the proceeds of recovery and, if necessary, by appropriate proceedings to compel the administrator to bring the suit and account for its proceeds. But the section does not purport to split the cause of action. A purpose to do violence to the firmly grounded tradition of the unity of a cause of action at law, by casting on the defendant the burden of defending two suits, is hardly to be implied. See *Mandeville* v. *Welch, supra.*

Nor, on the other hand, does the language of the section admit of a construction which would operate to transfer rights in the chose in action which the dependent electing to receive compensation did not have, or to confer upon the employer the benefit of any part of the proceeds of the recovery for wrongful death which the dependent receiving compensation could not have demanded. If § 33 (d) and (e) refer, as the court below thought, to an assignment to the employer in the circumstances mentioned in § 33 (b) as well as in § 33 (c), they do not support any construction of § 33 (b) different from that already indicated. Section 33 (d) authorizes the employer " on account of such assignment," to compromise the claim for damages or to institute proceedings upon it. Its provisions are permissive only. It would plainly sanction a compromise or a suit by the employer in the case where the injury did not result in death or where, as in *Aetna Life Insurance Co.* v. *Moses, supra,* the entire interest in the right to recover is vested in the employer by operation of § 33 (b). But in a case like the present, where the right assigned to the employer is to receive a part only of the

proceeds of recovery for the wrongful death, the language falls short of conferring upon him authority to compromise or sue upon claims which " such assignment " does not operate to transfer. This conclusion is supported, if not compelled, by the clause of § 33 (a), which authorizes a dependent [2] of the deceased employee to elect whether to receive compensation or to recover damages against a third person, and by § 33 (e), which gives to the employer as indemnity the full benefit of " any amount recovered " by him, before turning over the balance to the personal representative of the deceased. There may be next of kin of the decedent entitled to share in the recovery for wrongful death who are not entitled to compensation, and others who elect, as provided in § 33 (a) to take their share of the recovery for wrongful death instead of compensation. A construction of § 33 which would require the use of their shares to indemnify the employer, for payments to others who have elected to receive compensation, is not to be favored in the absence of language plainly requiring it.

It is true that in the case where the injury causes the death of an employee having no dependents, and the employer pays $1,000 into the special compensation fund as required by § 44, the right of the legal representative to recover for the wrongful death is in terms assigned by § 33 (c) to the employer who is authorized by § 33 (e) to indemnify himself from the proceeds of recovery.

---

[2] Section 33 (a) gives the election to " the person entitled to such compensation," and makes no express provision for the case where there is more than one dependent. Since the statute preserves to " the " dependent the right of election to recover damages against the third person, and does not in terms give one dependent the right to elect for all, it must be deemed to give each dependent the right of election independently of the others, and the phrase " the person entitled to such compensation " must be taken to mean each or any dependent.

Whatever purpose may have inspired these provisions of § 33 (c),[3] explicitly limited to the single case of the payment by the employer of the $1,000 into the special fund, we can find in them no warrant for giving to § 33 (b) a construction which its language does not admit and which would authorize the employer to indemnify himself for payments to dependents, not necessarily limited to $1,000, at the expense of the next of kin who receive no benefit of the compensation payments.

We conclude that where the employer is given anything to recover by a suit brought directly against the wrongdoer, it is the full recovery to which the injured employee or his personal representative would be entitled. See *Aetna Life Insurance Co.* v. *Moses, supra,* 540. But where the right of the dependent, to which the employer is subrogated by § 33 (b), is only to a share of the proceeds of the recovery, the employer is not authorized to maintain the action for wrongful death. As statutory assignee of the rights of the dependent receiving compensation, he acquires only the rights of his assignor to compel the executor or administrator, by appropriate proceedings, to maintain the suit and to share in the proceeds of the recovery.[4]

---

[3] It is to be noted that in the case of assignments under § 33 (c) indemnity to the employer cannot be at the expense of the dependents of the deceased.

[4] A like construction has been given to the similar, but not identical, compensation statute of New York. If the persons receiving compensation do not include all of the next of kin who are beneficiaries under the Wrongful Death Act, the employer or insurance carrier must prosecute his claim to share in the proceeds through the administrator as statutory trustee, and may compromise or release his own interest, but no other. *U. S. Fidelity & Guaranty Co.* v. *Graham & Norton Co.,* 254 N. Y. 50, 53; 171 N. E. 903; *Zirpola* v. *Casselman, Inc.,* 237 N. Y. 367, 375; 143 N. E. 222. But if all of the next of kin entitled to receive the benefit of the recovery for wrongful death elect to receive compensation, the employer or insur-

229

While it seems beyond the resources of judicial ingenuity to construe the statute so as to give it a wholly consistent and harmonious operation, we think the construction which we adopt conforms to its language and to the principles of the common law, in the light of which it must be interpreted. It does not deny to the employer subrogation to the rights of those dependents receiving compensation to share in the recovery for wrongful death, but it leaves undisturbed the rights of the next of kin who, as § 33 (a) permits, elect to receive the benefits of the Wrongful Death Act rather than compensation.

*Reversed.*

---

ance carrier may maintain the action against the wrongdoer. See *Zirpola* v. *Casselman, Inc., supra,* 373; *Travelers Insurance Co.* v. *Padula Co.,* 224 N. Y. 397; 121 N. E. 348.