**REISS STEAMSHIP COMPANY**

v.

**Albert J. CYR, Deputy Commissioner United States Employee's Compensation Commission, Ninth Compensation District.**

**Civ. No. 31162.**

United States District Court
N. D. Ohio, E. D.
Dec. 7, 1954.

Roman T. Keenen, Cleveland, Ohio, for plaintiff.

Sumner Canary, U. S. Atty., Cleveland, Ohio, for defendant.

JONES, Chief Judge.

Clarence R. Cark, deceased employee of plaintiff, was killed in 1949 while working aboard the ship of a third party. Under the terms of 33 U.S.C.A. § 901 et seq., the "Longshoremen's and Harbor Workers' Compensation Act", the plaintiff became liable to deceased's dependent mother, Kathryn M. Cark. However, since a third party was liable for causing the accident, 33 U.S.C.A. § 933 ap-plied whereby the dependent was permitted to elect between suit against the third party for damages, or to receive compensation from plaintiff. The dependent elected to sue the third party, reserving her claim for deficiency compensation against plaintiff. The suit netted a recovery of $100; but before an adjudication was made on the deficiency compensation claim, the dependent died. Thus, when the adjudication on the claim was finally made, defendant-commissioner found that under 33 U.S.C.A. § 944, there was no dependent then entitled to compensation and ordered plaintiff to pay $1,000 into a special fund established under said section. Plaintiff has filed a petition praying that defendant's award and order be vacated, and the deceased dependent's compensation claim be allowed. Defendant moves to dismiss plaintiff's petition contending that the award and order are in accord with the law.

In brief, the issue confronting the court is whether the defendant's determination of "entitlement" should have been based on entitlement at the time the deceased dependent elected to sue under Section 933, or entitlement at the time the adjudication of the compensation claim was made by defendant.

Plaintiff contends that under Section 933(f)

"If the person entitled to compensation or the representative elects to recover damages against such third person and notifies the Secretary of his election and institutes proceedings within the period prescribed in section 913 of this chapter, the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the amount recovered against such third person"

entitlement should have been determined as of the time the dependent elected to sue the third party. In support of its argument, plaintiff cites Doleman v. Le-

vine, 295 U.S. 221, at pages 222–223, 55 S.Ct. 741, at page 742, 79 L.Ed. 1402, " * * * Where some person other than the employer is liable for damages for the injury, compensation is governed by section 33"; Jarka Corp. v. Monahan, 1 Cir., 62 F.2d 588, at page 590, " * * * But, when the amount recovered [pursuant to Section 33] is less than the sum the workman, or, in case of death, his dependents, would be entitled to receive under the act, the employer must make up the difference"; Federal Mutual Liability Ins. Co. v. Locke, 2 Cir., 60 F.2d 895, at page 897, " * * * Section 44 (c) (1) should be interpreted as requiring payment of $1,000 into the special fund only in case there is 'no person entitled * * * to compensation' at the time when dependency is determined— that is, at the time of injury"; and Branham v. Terminal Shipping Co., 4 Cir., 136 F.2d 655 (which followed the decision in the Locke case, supra). Defendant argues, that under Section 944(c) (1) " * * * each employer shall pay $1,000 as compensation for the death of an employee of such employer resulting from injury where the deputy commissioner determines that there is no person entitled under this chapter to compensation for such death * * *," the words "there is no person entitled" indicate that the Commissioner's finding of entitlement is to be governed by the existence of one entitled to compensation at the time of the adjudication of the claim. In support of his argument, defendant cites Union Stevedoring Co. v. Willard, 3 Cir., 209 F.2d 198, at page, 199, " * * * The commissioner was right if his determination 'that there is no person entitled' should be made as of the date of adjudication"; Employers' Liability Assurance Corp. v. Monahan, 1 Cir., 91 F.2d 130, at page 132, " * * * Under [Section 44] a Deputy Commissioner does not determine whether there were any dependents at the time of

death, but whether 'there is no person entitled under the Act (chapter) to compensation for such death.' He speaks not of the past, but of the present, viz.: at the time of his finding"; and Suckowski v. Norton, D.C., 16 F.Supp. 677 (which reflects the decisions of the two cases, supra).[1]

■ Manifestly, in arriving at a solution to this problem, the key word is "entitled", and the time to which it refers. In Section 933(f) "If the person entitled to compensation * * * elects to recover * * *" "entitled" modifies "person" and is therefore governed by the verb "elects to recover". Thus, "entitled" must mean the person "entitled" at the time he elects. With this meaning, the determination of entitlement would depend upon whether the person electing was a dependent, which determination is made under Section 909(f) " * * * as of the time of the injury." After the determination of dependency, and therefore entitlement, Section 933 (f) directs that " * * * the employer shall be required to pay as compensation * * * a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the amount recovered against such third person." It is plain that " * * * the employer shall be required" indicates a directed, future course of action. This leaves to the Commissioner only the determination of the amount " * * * payable on account of such injury or death over the amount recovered against such third person." This interpretation of Section 933(f) appears justified when viewed in respect to the cases cited above.

■ First, that Section 933 governs exclusively in instances of third party liability is made clear by the decisions in Doleman v. Levine, supra, and Jarka v. Monahan, supra. In regard to the latter

1. Note: Although the respective briefs submitted contain many citations other than those mentioned above, the cases

mentioned seem the most significant and form the foundation of the respective arguments.

case it is interesting to note that it was decided by the same court (C.C.A.1st), and the decision written by the same judge (Wilson), as was the case of Employers Liability Assurance Corp. v. Monahan, supra, cited by defendant in support of his motion.

Second, the cases of Federal Mutual Liability Co. v. Locke, supra, and Branham v. Terminal Shipping Co., supra, involved Section 933, although not the identical fact situation presented here, while Union Stevedoring Co. v. Willard, supra, and Employers Liability Assur. Corp. v. Monahan, supra, cited by defendant did not.

■ Thus, if Section 933 governs exclusively in matters of third party liability, and entitlement is defined within the context of that section, it follows that Section 944 need not be injected into the determination of entitlement, and the decisions of the circuit courts are not necessarily conflicting. Plainly stated, if third party liability is involved, and the dependent elects to recover within the period prescribed by Section 913, Section 933 governs exclusively and entitlement is to be determined as of the time the election is made.

■ Applied to this case, it is evident that Kathryn Cark, deceased's dependent, was "entitled" at the time she elected to sue the third party. Since under Section 933(f) the employer shall be "required to pay", all that remained for the Commissioner to do was to determine "a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the amount recovered against such third person." The Commissioner erred in not doing so.

Under the foregoing view of the matters presented for consideration the motion to dismiss will be denied, the award and order of the Deputy Commissioner will be reversed, and the relief prayed for in the complaint will be granted. Order may be entered accordingly.