**CITY STORES COMPANY, a corporation, Lansburgh's Division**

v.

**Frank T. SHULL, Sr., and Ann R. Shull, a co-partnership, t/a Shull Electrical Products, successors to Shull Electrical Products Corporation, and Shull Company, Inc., a corporation and The General Electric Company.**

Civ. No. 9464.

United States District Court
D. Maryland.

April 17, 1958.

1917C, 1169, cited by Martin in oral argument.

Weinberg & Green, Baltimore, Md., John J. Ghinger, Jr., Baltimore, Md., and Henry H. Brylawski, Washington, D. C., for plaintiff.

Semmes, Bowen & Semmes, Baltimore, Md., Norman P. Ramsey and James P. Garland, Baltimore, Md., for defendants Shull.

J. Nicholas Shriver, Jr., and J. Paul Bright, Jr., Baltimore, Md., for General Electric Co.

R. DORSEY WATKINS, District Judge.

This is a suit to recover damages for the alleged wrongful death of one Edwin J. Lynch, whose widow elected to receive an award of compensation under the Longshoremen's and Harbor Workers' Compensation Act (March 4, 1927, c. 509, 44 Stat. 1424; 33 U.S.C.A. Sec. 901

et seq.) made applicable as a workmen's compensation law in the District of Columbia by Act of May 17, 1928, c. 612, 45 Stat. 600; District of Columbia Code, 1951, Sec. 36–501, 33 U.S.C.A. Sec. 903 note. Lynch, an employee of City Stores Company (City Stores) was injured on February 8, 1956 in the course of his employment when an electrical switch panel exploded, his injuries resulting in his death on February 14, 1956. Compensation received by the decedent and the compensation still being received by his widow has been paid by New Amsterdam Casualty Company (New Amsterdam), the insurance carrier of City Stores.

Suit was originally brought on February 8, 1957 by New Amsterdam and City Stores as co-plaintiffs to their own use, to the use of the widow and to the use of the executor of the estate of the decedent. Named as defendants were Shull Electrical Products (Shull) and The General Electric Company (General Electric). Jurisdiction of the court allegedly was based on "diversity of citizenship and amount, and upon Section 36–501, District of Columbia Code, 1951 Edition" although the complaint showed on its face that plaintiff, New Amsterdam, and defendant, General Electric, were both corporations organized under the laws of the State of New York. The defendants moved for a more definite statement and after a hearing their motion was granted by the court with leave to the plaintiffs to amend the complaint. An amended complaint was filed with the same parties as plaintiffs and defendants, and the same allegation as to jurisdiction. Thereafter defendants moved to dismiss on the grounds that the plaintiffs had failed to comply with the order of court directing them to make the allegations of their complaint more definite and that the court was without jurisdiction due to the lack of the requisite diversity of citizenship. The motions of the defendants to dismiss were granted with leave to the plaintiffs to file a sec-

ond amended complaint. The caption or title of the second amended complaint indicated the sole plaintiff to be City Stores and the body of the complaint contained the following allegations regarding jurisdiction [1] and the right of City Stores to bring the action:

"1. Jurisdiction of the Court is based upon diversity of citizenship and amount, and upon Section 36–501 and Sections 16–1201–3, District of Columbia Code, 1951 Edition.

"2. Plaintiff City Stores Company is a corporation organized under the laws of the State of Delaware and brings this action to its own use and to the use of Hilda May Lynch, widow of Edwin J. Lynch, deceased, who was at the time of his death a resident of the District of Columbia, and New Amsterdam Casualty Company, an insurance corporation organized under the laws of the State of New York.

\* \* \* \* \* \*

"10. As a result of the injuries and death of the said Edwin J. Lynch, plaintiff City Stores Company was obligated to pay and did pay Workmen's Compensation benefits to the decedent and to his widow, Hilda May Lynch, and has by statute become subrogated to her rights against the defendant to its own use and the use of its insurance carrier, New Amsterdam Casualty Company, and to the use of the widow of the decedent in such amounts as exceed plaintiff's compensation liability. The negligence of the defendants substantially injured the widow of Edwin J. Lynch, Hilda May Lynch, over and beyond the amount she is entitled to receive under the Workmen's Compensation Law."

Defendants again moved to dismiss urging as reasons therefor (1) that City Stores did not have the capacity to bring the suit; (2) that on the face of

1. References to allegations of plaintiff as to citizenship and residence of defendants have been omitted as not pertinent to the matters presently in issue.

the complaint suit was barred by the statute of limitations;[2] (3) that the complaint failed to join an indispensable party plaintiff, namely, New Amsterdam; and (4) that New Amsterdam could not be made a party without depriving the court of jurisdiction. In challenging the right of City Stores to bring this suit, defendants presented their position as follows:[3]

"City Stores Company is Not The Real Party in Interest.

"Rule 17 of the Rules of Civil Procedure [28 U.S.C.A.] provides in part that 'every action shall be prosecuted in the name of the real party in interest.' This means that every action is to be brought in the name of the party who, under the substantive law involved, 'has the right sought to be enforced * * *' 3 Moore's Federal Practice (2d ed.), p. 1330. The substantive law here is the Longshoremen's and Harbor Workers' Compensation Act, hereinafter referred to as the 'Longshoremen's Act', which by statute has been made applicable to the District of Columbia (District of Columbia Code, 1951 ed., Sec. 36–501).

"Section 33 of the Longshoremen's Act (Title 33 U.S.C.A. Section 933) provides in pertinent part:

" '(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the Secretary may provide, to receive such compensation or to recover damages against such third person.

" '(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person.

\*    \*    \*    \*    \*    \*

" '(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding.

\*    \*    \*    \*    \*    \*

" '(i) Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section.' " [4]

City Stores based its right to sue upon certain language in United States v. Aetna Casualty & Surety Co., 1949, 338 U.S. 366, at pages 381–382, 70 S.Ct. 207, at page 215, 94 L.Ed. 171, wherein it was stated that if an insurer has paid only part of the entire loss suffered by the insured, "both insured and insurer *    * have substantive rights against the tort-

2. The defendants, having misconceived the nature of this suit—it being one for wrongful death—argued that the 3 year Maryland Statute of Limitations relating to negligence actions was applicable and had begun to run sometime shortly after the installation of the electrical switch panel in 1941 thus amazingly enough barring this action for wrongful death many years prior to the explosion and resulting death of the decedent. At the hearing on the motions to dismiss, defendants withdrew this argument and conceded that the original complaint had been filed within the statutory period allowed.

(See Art. 67, sec. 2 of the Code of Public General Laws of Maryland, 1951 Edition.)

3. Brief of defendant General Electric in support of motion to dismiss second amended complaint (approved and adopted by defendant Shull) at pages 3–4.

4. The parties filed a stipulation which, although somewhat inept in its wording, all parties agreed at hearing on the motions was intended by them to indicate that New Amsterdam had "assumed the payment of the compensation" and was thus brought within the provisions of Sec. 933(i).

feasor which qualify them as real parties in interest. * * * Although either party may sue, the [tortfeasor], upon timely motion, may compel their joinder. * * * Both are 'necessary' parties." Neither is indispensable. The "loss" asserted by City Stores arises from the fact that "the Workmen's Compensation insurance premium paid by City Stores Corporation for the policy year in which the injury and death of Edwin J. Lynch occurred was materially increased by reason of the compensation claim paid by New Amsterdam Casualty Company to his widow, and since future premiums will be based upon the experience rating of the firm for prior years, the premium to be paid for City Stores Corporation, Lansburgh Division, for the years 1958, 1959, and 1960, will also be increased by reason of the payment of this insurance claim." [5] It is difficult to imagine a situation in which the past and prospective loss experience of the insurance carrier would not be reflected in the carrier's rating plans or practices and in which any loss would not result in increased premium rates, if not increased as to past or present rates, of necessity increased as to what the rate would have been had no loss occurred. Were this court to sustain the contention of City Stores it would in effect be rendering Sec. 933(i) of Title 33 U.S.C.A. completely nugatory. Section 933(i) was in no way involved in United States v. Aetna Casualty & Surety Co., supra, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 where the basic question presented was did the "anti-assignment" statute prevent an insurance company from bringing suit in its own name under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680, against the United States upon a claim to which it had become subrogated by payment to its insured. Here, rather than considering the effect of an anti-assignment statute, the court is required to interpret and apply a statute expressly purporting to create an assignment by operation of law.

As between the insurance carrier and the employer this court ruled at the time of oral argument that the carrier was, as a statutory assignee, the sole recipient of "all right of the person entitled to compensation to recover damages against" one liable in damages other than the employer. (33 U.S.C.A. Sec. 933(a)). The court relied, in part, on Czaplicki v. The Hoegh Silvercloud, 1956, 351 U.S. 525, at pages 529 and 531, 76 S.Ct. 946, at page 949, 100 L.Ed. 1387, where it was stated:

"2. Under § 33(b) of the Compensation Act, Czaplicki's acceptance of the compensation award had the effect of assigning his rights of action against third parties to his employer, Northern. Travelers, as Northern's insurer, was in turn subrogated to all Northern's rights by § 33(i). Travelers, therefore, was the proper party to sue on those rights of action. * * *

" * * * Since the assignee's right to recoup comes before the employee's interest, and because the assignee is likely to be in a better position to prosecute any claims against a third party, control over the right of action is given to the assignee, who can either institute proceedings for the recovery of damages against a third person, 'or may compromise with such third person either without or after instituting such proceeding.' § 33(d), 33 U.S.C. § 933(d)."

In Czaplicki the Supreme Court was considering the effect of those provisions of Section 933 dealing with the assignment of control over a cause of action arising on account of disability, not of death, but as the Supreme Court announced in Aetna Life Insurance Co. v. Moses, 1933, 287 U.S. 530, 539, 53 S.Ct. 231, 232, 77 L.Ed. 477, having regard to those provisions "and to the general purpose which the act discloses with respect to rights of recovery when the injury

---

5. Quoting from affidavit of a partner in the firm duly authorized and appointed general agent for New Amsterdam in the District of Columbia.

does not result in death, we see no escape from the conclusion that the statute contemplates that the [insurance carrier] [6] is to have the same control over the institution of an action for wrongful death, the compromise and settlement of the claim, and the distribution of the proceeds, as he is given in unambiguous language in the case where the injury results only in disability. What is made explicit by the statute with respect to the latter is implicit with respect to the former."

The capacity of City Stores to bring suit and the question of limitations having been ruled on, the court indicated to counsel that jurisdiction perhaps was based not on diversity of citizenship but upon the existence of a controversy arising under the laws of the United States. (28 U.S.C.A. Sec. 1331). Counsel for plaintiff immediately moved orally for leave to amend the complaint a third time to bring suit in the name of New Amsterdam as sole plaintiff and to allege jurisdiction under Sec. 1331 of Title 28 U.S.C.A. Counsel for defendants opposed orally, urging that the motion to dismiss the second amended complaint be granted without leave to amend, on the grounds that (1) the case does not arise under the laws of the United States because there is no controversy as to the validity or construction of the statutes herein involved; (2) the statutes involved are local laws of the District of Columbia and are not laws of the United States; and (3) such an amendment would add a new party plaintiff and assert a new cause of action subject to defeat by limitations.

Assuming for the moment that this case involves a construction of Section 33 of the District of Columbia Compensation Act, whether or not said Act is local or federal in nature may be summarily answered. Defendants rely on American Security & Trust Co. v. Commissioners of the District of Columbia, 1912, 224 U.S. 491, 494–495, 32 S.Ct. 553, 554, 56 L.Ed. 856, where in refusing to grant a writ of error to review the construction placed by the Court of Appeals of the District of Columbia on a special act of Congress authorizing the extension of a local street, the Supreme Court said, in part:

" * * * The ground on which the writ was refused by the court of appeals was that the words quoted from § 250 should not be construed to apply to the purely local laws of the District, and with that view we agree.

"Of course there is no doubt that the special act of Congress was, in one sense, a law of the United States. * * * But all cases in the District arise under acts of Congress, and probably it would require little ingenuity to raise a question of construction in almost any one of them. If, then, the words have the meaning given them by the applicants, the appellate jurisdiction of this court has been largely and irrationally increased. We believe Congress meant no such result." (Emphasis supplied.)

While this case indicates the Supreme Court's position as to its jurisdiction to review judgments of the Court of Appeals of the District of Columbia when such judgments relate to purely local law, it is not dispositive of the nature and character of the statute herein involved. The controlling decision is Del Vecchio v. Bowers, 1935, 296 U.S. 280,

---

6. Actually the Supreme Court stated that the control over the action was exclusively in the employer as the Aetna Life case was decided in 1933 prior to Act June 25, 1938, Sec. 13 which added subsection (i) to Section 933 specifying that under certain conditions "The insurance carrier shall be subrogated to all the rights of the employer under this section." As the conditions specified in subsection (i) have been met in the instant case, in quoting from the Aetna Life decision this court has substituted the word insurance carrier for the word employer, the analysis and reasoning of the Supreme Court as to the rights of the employer now being applicable to the carrier.

281–282, 285, 56 S.Ct. 190, 191, 80 L.Ed. 229, where dealing with the exact issue raised by the defendants, the Supreme Court said:

"This case involves the application of sections 3(b) and 20(d) of the Longshoremen's and Harbor Workers' Compensation Act, to the respondent's claim of compensation for the death of her husband, * * who died from a bullet wound inflicted while he was on duty in Del Vecchio's store in the District of Columbia.[2]

"[2]. The statute is made a workmen's compensation law for the District of Columbia by the Act of May 17, 1928, c. 612, 45 Stat. 600.

\* \* \* \* \* \*

"In the view that the case does not fall within rule 38, * * * the respondent opposed the issuance of a writ of certiorari. *The objection might be valid if the statute were confined in its operation to the District of Columbia.* We will not ordinarily review decisions of the United States Court of Appeals, which are based upon statutes so limited or which declare the common law of the District. *The Longshoremen's and Harbor Workers' Compensation Act, however, is national in scope,* and a decision with respect to its enforcement constitutes a precedent of general application. We therefore granted the writ because of the important question as to the effect of section 20(d)." (Emphasis supplied.)

Accordingly the court holds that the statute herein involved is the Longshoremen's and Harbor Workers' Compensation Act, made applicable as a workmen's compensation law in the District of Columbia, and is a law of the United States within the meaning of Section 1331 of Title 28 U.S.C.A.

"How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. [Citing cases.] *The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.* [Citing case.] A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto [citing cases], and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. [Citing cases.] \* \* \*

" \* \* \* 'A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, *for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends.'* Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205 \* \* \* Today, even more clearly than in the past, 'the federal nature of the right to be established is decisive—not the source of the authority to establish it.' [People of Puerto Rico v. Russell & Co., 1933, 288 U.S. 476, 483, 53 S.Ct. 447, 77 L.Ed. 903]." (Emphasis supplied.) Gully v. First National Bank, 1936, 299 U.S. 109, 112–113, 114, 57 S.Ct. 96, 97, 81 L.Ed. 70.

The court deems the present oral motion as the assertion by New Amsterdam, in good faith, of the right to bring suit as an assignee under the provisions of Section 933. There is no question but that this raises a dispute regarding the construction of Section 933 upon the determination of which the outcome of this suit depends. What that construc-

tion will be and what the result will be are not in point at this time, nor indeed could the court reach any final conclusion should it be now required, as many of the relevant, pertinent facts are not now of record.

The few facts that the court has been able to glean from the file are (1) that the widow elected to receive compensation, (2) that she has received it pursuant to an award, (3) that she is the sole person entitled to compensation under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, and (4) that she is not the personal representative of her deceased husband, Mr. Walter G. M. Fields having been appointed as executor of the estate of the decedent. Whether or not there are next of kin of the decedent entitled to share in the recovery for wrongful death who are not entitled to compensation is not disclosed nor is it clear why the executor was made a use plaintiff in the original and amended complaint but dropped from the second amended complaint, all three complaints being entitled as actions for wrongful death although all three allege, in addition, injury to the decedent and payment to him of compensation, whether voluntarily or pursuant to an award not being stated. Thus it becomes apparent from the facts disclosed that the instant case will be to a great extent governed by the principles set out in Aetna Life Insurance Co. v. Moses, supra, 287 U.S. 530, 53 S.Ct. 231, 77 L.Ed. 477, and in Doleman v. Levine, 1935, 295 U.S. 221, 55 S.Ct. 741, 79 L.Ed. 1402. Both opinions dealt with actions for wrongful death arising under the District of Columbia death act (District of Columbia Code, 1951 Edition, Sections 16–1201–1203). Both interpreted the provisions of Section 933 of Title 33 U.S.C.A. in light of the requirement of Section 16–1202 that all suits for wrongful death be brought "by and in the name of the personal representative of such deceased person, and within one year after the death of the party injured" and the mandate of Section 16–1201 "that damages shall be assessed with reference to

the injury resulting * * * to the spouse and next of kin of such deceased person." In Aetna Life, the court stated, 287 U.S. at pages 538–539, 540–541, 53 S.Ct. at page 232:

"In this case the injury resulted in death of the employee, and the election to take compensation was made by the widow. *As she is both the administratrix and the only person entitled to compensation, the election was validly exercised and we need not resolve possible doubts as to the proper person to make the election under other circumstances.* Compare sections 33(a) and 33(b) with section 33(f). Her election has called into operation the statutory assignment so far as it applies to the action for wrongful death. We must decide its effect on that cause of action. (Emphasis supplied.)

"The statute is not free from ambiguity. The right to recover for a wrongful death is the creature, not of the common law, but of a statute which confers the right on the personal representative of the deceased for the benefit of his next of kin under the local statute of distribution, some of whom may not be entitled to compensation under the Compensation Act. Nevertheless, section 33 (b) of the act provides that it is the 'right of the person entitled to compensation to recover damages against such third person' which is assigned to the employer by the election to take compensation. Reading this provision literally and alone, the employer, in the case of the wrongful death of his employee, would take nothing by the assignment which it purports to effect, since the person entitled to the compensation has no right to recover for the death. * * *

"Concluding that, where the employer is given anything to recover, it is the full recovery provided by the Wrongful Death Act, we do not think, as did the courts below, that

the rights thus conferred may be enforced only by an action brought in the name of the personal representative. * * *

" * * * What is material is that the employer acquires the legal rights of the employee or the personal representative, subject to the qualifications imposed by the common law or the death statute to the extent that they are not inconsistent with the provisions of the Compensation Act. The Compensation Act permits him to enforce them in his own name."

In Doleman v. Levine, supra, 295 U.S. 221, 55 S.Ct. 741, 79 L.Ed. 1402, the decedent left surviving him his widow, and, as his heirs at law and next of kin, a brother and a dependent father, who was his administrator. The widow elected to receive compensation while the father did not but rather brought suit as administrator to recover for the death under the provisions of the Wrongful Death Act of the District of Columbia. The Supreme Court states, 295 U.S. at page 222, 55 S.Ct. at page 742:

"In this case certiorari was granted * * * to resolve doubts as to the construction of section 33 of the District of Columbia Compensation Act (Longshoremen's & Harbor Workers' Compensation Act, c. 509, 44 Stat. 1424, 33 U.S.C. § 901 et seq., * * * made applicable to the District of Columbia by Act of May 17, 1928, c. 612, 45 Stat. 600."

The Doleman case was distinguished from the Aetna Life decision as follows (295 U.S. at pages 225, 228, 55 S.Ct. at page 743):

"A different question is presented where the dependent who has elected to receive compensation is entitled to only a partial interest in the amount to be recovered for the death. Such is the case here. For the widow alone has elected to take compensation, and under the Wrongful Death Act, § 3, * * * the proceeds of the recovery are required to be distributed among the next of kin, which includes both the widow and the father, where the decedent leaves no surviving child. Title 29, D.C.Code, §§ 284, 285, 288.

"The right of the employer to reimbursement from the recovery is derived from his subrogation, under section 33(b) of the Compensation Act, to the rights of the dependent widow to whom he is bound to pay compensation. Apart from statute, the indemnitor's right by subrogation to stand in the place of his indemnitee, who is entitled to a part only of the proceeds of a single cause of action, does not carry with it any authority to maintain the action in his own name. See Mandeville v. Welch, 5 Wheat. 277, 286, 5 L.Ed. 87; Shankland v. Washington, 5 Pet. 390, 8 L.Ed. 166; Vinal v. West Virginia Oil & Oil Land Co., 110 U.S. 215, 4 S.Ct. 4, 28 L.Ed. 124. He is in the position of a partial assignee of the chose in action, and as such is entitled to his share of the proceeds of the action when recovered and may secure their recovery by resort to equity, in a suit joining proper parties, to compel action by the legal owner and appropriate distribution of the proceeds. See Peugh v. Porter, 112 U.S. 737, 742, 5 S.Ct. 361, 28 L.Ed. 859; Fourth Street National Bank v. Yardley, 165 U.S. 634, 644, 17 S.Ct. 439, 41 L.Ed. 855; Aetna Life Insurance Co. v. Moses, supra, 287 U.S. 542, 53 S.Ct. 231, note 3.

* * * * * *

"We conclude that where the employer is given anything to recover by a suit brought directly against the wrongdoer, it is the full recovery to which the injured employee or his personal representative would be entitled. See Aetna Life Insurance Co. v. Moses, supra, 287 U.S. 540, 53 S.Ct. 231. But where the right of the dependent, to which the employer is subrogated by section 33 (b), is only to a share of the pro-

468

ceeds of the recovery, the employer is not authorized to maintain the action for wrongful death. As statutory assignee of the rights of the dependent receiving compensation, he acquires only the rights of his assignor to compel the executor or administrator, by appropriate proceedings, to maintain the suit and to share in the proceeds of the recovery."

Compare the later language of United States v. Aetna Casualty & Surety Co., supra, 338 U.S. 366, 381, 70 S.Ct. 207, 215, 94 L.Ed. 171:

"In cases of partial subrogation the question arises whether suit may be brought by the insurer alone, whether suit must be brought in the name of the insured for his own use and for the use of the insurance company, or whether all parties in interest must join in the action. Under the common-law practice rights acquired by subrogation could be enforced in an action at law only in the name of the insured to the insurer's use, Hall & Long v. Nashville & C. Railroad Companies, 1872, 13 Wall. 367, 20 L.Ed. 594; United States v. American Tobacco Co., supra [166 U.S. 468, 71 S.Ct. 619, 41 L.Ed. 1081], as was also true of suits on assignments, Glenn v. Marbury, 1892, 145 U.S. 499, 12 S.Ct. 914, 36 L.Ed. 790. Mr. Justice Stone characterized this rule as 'a vestige of the common law's reluctance to admit that a chose in action may be assigned, [which] is today but a formality which has been widely abolished by legislation.' Aetna Life Ins. Co. v. Moses, 1933, 287 U.S. 530, 540, 53 S.Ct. 231, 77 L.Ed. 477. Under the Federal Rules, the 'use' practice is obviously unnecessary, as has long been true in equity, Garrison v. Memphis Insurance Co., 1857, 19 How. 312, 15 L.Ed. 656, and admirality, Liverpool & Great Western Steam Co. v. Phenix Insurance Co., 1889, 129 U.S. 397, 462, 9 S.Ct. 469, 479, 32 L.Ed.

788. Rule 17(a) was taken almost verbatim from Equity Rule 37. No reason appears why such a practice should now be required in cases of partial subrogation, since both insured and insurer 'own' portions of the substantive right and should appear in the litigation in their own names."

Chief Judge Thomsen in Poleski v. Moore-McCormack Lines, Inc., D.C.D.Md. 1958, 21 F.R.D. 579, 581, 582, had occasion to consider both the Aetna Casualty & Surety Co. case and Section 933 of 33 U.S.C.A. in deciding who were the proper parties plaintiff in an action for personal injuries where the insurance carrier of the injured plaintiff's employer under the Longshoremen's & Harbor Workers' Compensation Act had paid, although not pursuant to an award, medical expenses on behalf of the injured plaintiff. The opinion states in part:

"However, in United States v. Aetna Casualty & Surety Co., the Supreme Court considered a series of cases under the Federal Tort Claims Act, one of which had been brought by an insurance carrier which had paid an employee's claim under the New York Workmen's Compensation Law.[1] The Supreme Court treated all of the cases before it as cases of partial subrogation, and said: 'In cases of partial subrogation the question arises whether suit may be brought by the insurer alone, whether suit must be brought in the name of the insured for his own use and for the use of the insurance company, or whether all parties in interest must join in the action.' * * *

"33 U.S.C.A. § 933 does not expressly cover the situation in the instant case. Plaintiff would have the right to sue defendant entirely apart from sec. 933. The statute does not give plaintiff the right to sue in his own name without joining the party for whose benefit the action is brought.

\*　　\*　　\*　　\*　　\*　　\*

"1. When the action was brought, sec. 29 of the New York Workmen's Compensation Act provided that if an injured employee has taken compensation but has failed to commence action against the tortfeasor within one year after the cause of action accrued, 'such failure shall operate as an assignment of the cause of action against such other * * * to the person, association, corporation, or insurance carrier liable for the payment of such compensation.' The complaint alleged that the injured person had failed to commence any action against the United States within one year after the accident."

Aetna Life, Doleman and Aetna Casualty & Surety were all cited in Czaplicki v. The Hoegh Silvercloud, supra, 351 U.S. 525, 529–530, 76 S.Ct. 946, 949, 100 L.Ed. 1387, footnote 12:

"12. Aetna Life Ins. Co. v. Moses, 287 U.S. 530, 53 S.Ct. 231, 77 L.Ed. 477, was an action at law brought under this Act, which had been made applicable as a workmen's compensation law in the District of Columbia. It was held that the employer was the proper party to bring the action. Since that case was decided, § 33(i) has been added to the Compensation Act, providing that 'the insurance carrier shall be subrogated to all the rights of the employer under this section.' 52 Stat. 1168, 33 U.S.C. § 933(i), 33 U.S.C.A. § 933(i). As noted in the Moses case, 287 U.S. at page 542, 53 S.Ct. at page 233, note 3, it has long been the admirality rule that the insurer subrogated to the rights of the insured can sue in his own name. See, e. g., Liverpool & Great Western Steam Co. v. Phenix Ins. Co., 129 U.S. 397, 462, 9 S.Ct. 469, 479, 32 L.Ed. 788; The Potomac, 105 U.S. 630, 634, 26 L.Ed. 1194. Travelers was, therefore, the proper party libelant had it chosen to sue in this case. Cf. United States v. Aetna Cas. & Surety Co., 338 U.S. 366, 380–381, 70 S.Ct. 207, 215, 94 L.Ed. 171. Doleman v. Levine, 295 U.S. 221, 55 S.Ct. 741, 79 L.Ed. 1402, again an action at law, is not in point, since in that case unlike the case at bar, there was no complete assignment of the employee's right of action."

See also the interpretation of Aetna Life and Doleman in Tate v. Nelson, D.C. D.C., 1947, 71 F.Supp. 465.

Should the widow be the sole person for whose benefit the action for wrongful death may be brought, the Aetna Life case leaves open the question of the validity of her election under Section 933(b) as she is not the personal representative of the decedent and thus not entitled to bring an action to recover damages for wrongful death (Section 16–1202 of the District of Columbia Code, 1951 Edition). Should the widow not be the sole person for whose benefit the action for wrongful death may be brought the question will then be, do the allegations of the third amended complaint bring the case within the holding of the Doleman case or reveal an exception thereto. Clearly the number of times that the Supreme Court has been called upon to grant, and has granted, certiorari, to construe and apply the ambiguous provisions of Section 933 testifies to the fact that this court in the instant case is met with a suit involving a controversy respecting the construction of a law of the United States upon the determination of which the outcome of the suit depends.

The claim that amendment to allow suit to be brought in the name of New Amsterdam as sole plaintiff and to allege jurisdiction under Section 1331 of Title 28 U.S.C.A. would substitute a new party plaintiff and a new cause of action subject to defeat by a plea of limitations raises the problem of whether or not the amendment, if allowed, will relate back to the time of the filing of the original complaint. At that time New Amsterdam was a party plaintiff, although not a sole party plaintiff, and although diversity of citizenship was

also asserted, jurisdiction was alleged to be based upon "section 36–501, District of Columbia Code, 1951 Edition." Actually then rather than the assertion of a new cause of action by a sole new party plaintiff this is an attempt by an original plaintiff to reassert a cause of action the jurisdictional basis of which is the same, in part, alleged to have existed in the original, amended and second amended complaints. The propriety of re-instating New Amsterdam as plaintiff is governed by Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A. whenever the interest of justice so requires, leave to amend "shall be freely given * * * Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

"A survey of the cases discloses that two chief guides have been developed to be used in connection with rule 15(c). The first is whether the allowance or denial of an amendment would or would not work any injustice on any of the parties, and particularly whether the allowance would prejudice the opposing party. [Citing cases.]

"The second, which ties in with the first, is whether the opposite party has had notice of the general nature of his opponent's claim or defense from the beginning. [Citing cases.]

\* \* \* \* \* \*

"A change of the legal theory of the action cannot be accepted as the test of the propriety of a proposed amendment. [Citing cases.] Nor should a technical rule be applied in determining whether the cause of action stated in the original and in the amended pleading is identical, since, in the strict sense, almost any amendment may be said to change the original cause of action. [Citing case.] The specified conduct of the defendant upon which

the plaintiff tries to enforce his claim is to be examined, rather than the theory of law upon which the action is brought. [Citing authorities.]" (Green v. Walsh, D.C. Wis.1957, 21 F.R.D. 15, 18, 19–20).

Accordingly, the re-instatement of New Amsterdam as party plaintiff should be allowed under Rule 15, F.R.C.P. and, pursuant to Section 1653 of Title 28 U.S.C.A. which provides that defective "allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts", leave is granted to make the necessary jurisdictional allegations in more apt language.

Defendants' motions to dismiss the second amended complaint without leave to amend are denied. Permission is given to the filing of a third amended complaint, without prejudice to the right of defendants to contest the factual basis. of New Amsterdam's claim as subrogee; the nature and extent thereof; and the necessity for further joinder of parties.