**BURNSIDE SHIPPING COMPANY,**
Limited, Libelant-Appellee,

v.

**FEDERAL MARINE TERMINALS, INC.,**
Respondent-Appellant.

No. 16422.

United States Court of Appeals
Seventh Circuit.

March 6, 1968.

Rehearing Denied April 16, 1968.

John W. Hough, Chicago, Ill., Spray, Price, Hough & Cushman, Chicago, Ill., of counsel, for respondent-appellant.

Paul McCambridge, Chicago, Ill., McCreary, Hinslea, Ray & Robinson, Chicago, Ill., of counsel, for libelant-appellee.

Before DUFFY, Senior Circuit Judge, and CASTLE and FAIRCHILD, Circuit Judges.

DUFFY, Senior Circuit Judge.

The claim before us for consideration is a counterclaim in admiralty brought against plaintiff (libelant) because of the alleged negligence of plaintiff in the operation of its ship. It sought to recover damages incurred by defendant (respondent) a stevedore-employer, imposed on defendant by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950[1] for compensation payments to the widow and children of a stevedore-employee, one Gordon T. McNeill.

McNeill was a stevedore superintendent employed by Federal Marine Terminals, Inc. On June 2, 1965, he died as the result of a fall into the No. 3 starboard deep tank of the M/V Otterburn, an ocean freighter owned by Burnside. McNeill was survived by a widow and three minor children who have been and are receiving compensation benefits pursuant to the "Act." The benefits are paid by or upon behalf of the deceased's employer, the defendant. The payments are made under the Act even though the employer did not cause the injuries and was in no way at fault. 33 U.S.C. § 904. The payments by defendant's insurer on behalf of its insured have a potential liability of approximately $70,000.

The administratrix of the estate of Gordon T. McNeill filed a maritime wrongful death action against the plaintiff. In another lawsuit against the defendant, the plaintiff sought indemnification for any judgment which it might be required to pay in the maritime wrongful death action. Defendant filed a counterclaim against the plaintiff for indemnification for all payments made and which will be made by the defendant or its insurer under the Act to Mrs. McNeill and/or her children.

Plaintiff moved for a summary judgment dismissing the counterclaim. The trial court granted the motion to dismiss. This appeal followed.

■ The contested issue is—does a stevedore-employer (defendant) have a direct cause of action against the plaintiff who allegedly causes injury or death to an employee of such stevedore-employer and which thereby causes the stevedore-employer to become liable without fault to the employee or to his widow or surviving children under the Longshoremen's and Harbor Workers' Compensation Act?

Admittedly, no court has heretofore upheld the right of a stevedore-employer to bring such a direct suit. In fact, defendant concedes it is presenting a novel theory but points to several allegedly similar situations where direct suits were upheld.[2]

In our view, we must be governed by the provisions of the Longshoremen's and Harbor Workers' Compensation Act which, in Section 933(b) provides:

"Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six

1. The statutory provision will sometimes be referred to as "The Act."

2. Sleck v. Butler Bros. et al., 53 Ill.App.2d 7, 202 N.E.2d 64; Jones v. Waterman

S.S. Corp., 155 F.2d 992 (3 Cir., 1946) and Gore v. Maritime Overseas Corporation, 256 F.Supp. 104 (E.D.Pa., 1966).

months after such award." (33 U.S.C. § 933(b)).

The employer may sue in his own name. Aetna Life Ins. Co. et al. v. Moses, 287 U.S. 530, 539–540, 53 S.Ct. 231, 77 L.Ed. 477 (1933), but his rights are derived from the person or persons entitled to compensation. Doleman v. Levine, 295 U.S. 221, 55 S.Ct. 741, 79 L.Ed. 1402 (1935).

We realize that in the situation before us, it might be highly advantageous for the stevedore-contractor to bring a direct suit. If such a suit were maintainable, the recovery could be as much as $70,000. However, if the stevedore-contractor sues as subrogee of McNeill's personal representative, any recovery therein might be limited to $30,000 by the provisions of the Illinois Wrongful Death Statute which was in force and effect on the date of McNeill's death.

■■ However, as shown by Section 933(b) of the Act hereinbefore quoted, Congress has provided a method by which the defendant in this case might recover. The statutory method provides that the defendant can sue only as a subrogee. A petition to change this method or to provide an additional procedure, should be addressed to the Congress. We should not be called upon to indulge in judicial legislation.

■ There is no common law direct action as the defendant argues. There is only the Longshoremen's and Harbor Workers' Compensation Act which creates an entire legal procedure in this part of admiralty law. We cannot search outside of the Act for common law remedies which do not exist. The Act is the source of all remedies.

Both parties have vigorously argued the applicability of Ryan Stevedoring Co., Inc. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956) to the instant case. The defendant contends that *Ryan* substantiates the view that in the absence of an express contract of indemnity, a shipowner is obligated to reimburse a stevedore-contractor for damages caused to the stevedore-contractor by the shipowner's breach of an implied contract to provide a safe place to work for the employees of the stevedore-contractor.

■ While it is settled law that a shipowner has a non-delegable duty to furnish the stevedore-employees a seaworthy vessel and a safe place to work, Seas Shipping Co., Inc. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946), the question of the possibility of an implied warranty owed by the shipowner to the stevedore-contractor has not been passed upon by the United States Supreme Court. However, we hold that the shipowner's non-delegable duty to furnish the stevedore-employees a seaworthy vessel and a safe place to work is not a duty which extends to the stevedore-contractor. Hugev v. Dampskisaktieselskabet International, 170 F.Supp. 601, 609 (S.D.Cal., 1959), affirmed sub nom. Metropolitan Stevedore Co. v. Dampskisaktieselskabet International, 274 F.2d 875 (9 Cir., 1960), cert. den. 363 U.S. 803, 80 S.Ct. 1237, 4 L.Ed.2d 1147 (1960). The stevedore-contractor's remedies are exclusively statutory, and the *Ryan* case does not extend the remedies which are provided by statute.

The District Judge wrote a well-considered opinion which has been helpful to us. However, the opinion was not published. Suffice it to say, we agree with his conclusions that the " * * * counterclaim hereinbefore discussed must be dismissed without prejudice to the filing of an amended counterclaim which alleges a cause of action derived from the persons entitled to compensation."

The judgment dismissing the counterclaim filed by respondent-appellant is

Affirmed.