**Raymond D. LOUVIERE et al.,**
**Plaintiffs-Appellants,**

v.

**SHELL OIL COMPANY et al.,**
**Defendants-Appellees.**

**No. 73–3686.**

United States Court of Appeals,
Fifth Circuit.

July 3, 1975.

---

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion March 6, 1975, 5 Cir., 1975, 509 F.2d 278)

Before WISDOM and BELL, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM:

American Marine Corporation, an appellee, has raised in its petition for rehearing a number of contentions which we have considered and found unpersuasive. It argues first that the Supreme Court's holding in Doleman v. Levine, 295 U.S. 221, 55 S.Ct. 741, 79 L.Ed. 1402 bars an employer who is not a statutory assignee from maintaining an action in indemnity against a wrongdoing third party. This argument was considered and rejected in *Burnside*. Federal Marine Terminals, Inc. v. Burnside Shipping Co., 1969, 394 U.S. 404, 413, n. 13, 89 S.Ct. 1144, 1149, 22 L.Ed.2d 371, 379. Another contention raised is that this Court erred in adopting Louisiana law as surrogate federal law. The Outer Continental Shelf Lands Act provides, however:

> To the extent that they are applicable and not inconsistent with this subchapter or with other Federal laws . . . the civil and criminal laws of each adjacent State . . . are declared to be the law of the United States for that portion of the subsoil and seabed of the outer Continental Shelf, and artificial islands and fixed structures erected thereon . . . ."

43 U.S.C. § 1333(a)(2). These structures are thus "to be treated as islands or as federal enclaves within a landlocked State . . . ." Rodrigue v. Aetna Casualty & Surety Co., 1969, 395 U.S. 352, 361, 89 S.Ct. 1835, 1840, 23 L.Ed.2d 360, 367. "Congress specifically rejected national uniformity and specifically provided for the application of state remedies . . . ." Chevron Oil Co. v. Huson, 1971, 404 U.S. 97, 104, 92 S.Ct. 349, 354, 30 L.Ed.2d 296, 304. As we stated

in our earlier opinion, adoption of the Louisiana law of indemnity does not conflict, but rather furthers the policies underlying the Longshoremen's and Harbor Workers' Compensation Act. Louviere v. Shell Oil Co., 5 Cir. 1975, 509 F.2d 278, 282–84. We have not been persuaded to reconsider that conclusion. Nor have we been persuaded that we erred in adopting the Louisiana law of prescription. See generally, Chevron Oil Co. v. Huson, 1971, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296.

For the foregoing reasons, and because no member of this panel nor judge in regular active service on the Court has requested that the Court be polled on rehearing en banc, the Petition for Rehearing and Rehearing En Banc is denied. See Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12.